LOCKE LORD BISSELL & LIDDELL LLP
Brandon J. Witkow (SBN 210443)
bwitkow@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Tel:   (213) 485-1500
Fax:   (213) 485-1200

LOCKE LORD BISSELL & LIDDELL LLP
John W. Osborne (*Pro Hac Vice To be Filed*)
josborne@lockelord.com
Three World Financial Center
New York, New York 10281-2101
Tel:   (212) 415-8600
Fax:   (212) 303-2754

*Attorneys for Plaintiff*
AMERANTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>GENESIS GAMING SOLUTIONS, INC., a Nevada corporation, IT CASINO SOLUTIONS LLC, a California limited liability company, HOLLYWOOD PARK CASINO, INC., a California corporation, CALIFORNIA COMMERCE CLUB, INC., a California corporation, NORMANDIE CLUB LP, California limited partnership, & DOES 1-100, inclusive,<br><br>              Defendants. | Case No. **SACV11 -0189 AG (RNBx)**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-3119

CONFORM COPY

2011 FEB -2  PM 1:51
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

FILED

**COMPLAINT**

Plaintiff Ameranth, Inc., for its Complaint against Genesis Gaming Solutions, Inc., IT Casino Solutions LLC, Hollywood Park Casino, Inc., Commerce Casino, Inc., and Normandie Club, LP, avers as follows:

**PARTIES**

1.      Plaintiff Ameranth, Inc. ("Plaintiff" or "Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.   Ameranth manufactures and sells, *inter alia*, gaming information technology solutions under the trademarks 21st Century Casino™ ("21CC"), Poker Room Manager ("PRM") and others, including casino waitlisting, tournament, marquee, player tracking and dealer coordination products and solutions.

2.      Defendant Genesis Gaming Solutions, Inc. ("Genesis") is, on information and belief, a Nevada corporation having a principal place of business at 25003 Pitkin Road, Spring, Texas 77386.  On information and belief, Defendant Genesis makes, uses, sells and/or offers for sale gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, player tracking, tournament and marquee solutions.

3.      Defendant IT Casino Solutions, LLC ("ITCS") is, on information and belief, a California limited liability corporation having a principal place of business at 7310 E. Paseo Tampico, Anaheim Hills, California 92808.  On information and belief, Defendant ITCS makes, uses, sells and/or offers for sale gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, player tracking, tournament ,marquee and dealer coordination solutions.

4.      Defendant Hollywood Park Casino, Inc. ("HPC") is, on information and belief, a California corporation having a principal place of business at 3883 W. Century Blvd., Inglewood, California 90303.  On information and belief, Defendant

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

HPC makes or uses gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, tournament, player tracking, marquee and dealer coordination solutions.

5.      Defendant California Commerce Club, Inc. ("Commerce") is, on information and belief, a California corporation having a principal place of business at 6131 E. Telegraph Road, Commerce, California 90040. On information and belief, Defendant Commerce makes or uses gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, player tracking, tournament, marquee and dealer coordination solutions. Commerce purports to be the world's largest poker room.

6.      Defendant Normandie Club, LP ("Normandie") is, on information and belief, a California limited partnership having a principal place of business at 1045 W. Rosecrans Blvd., Gardena, California 90247. On information and belief, Defendant Normandie makes or uses gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, tournament, player tracking, marquee and dealer coordination solutions.

7.      The true names and capacities of the Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff at this time. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege these Defendants' true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

10.    On information and belief, defendant Genesis has engaged in (a) the offer for sale and sale of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, player tracking, tournament and marquee solutions under the "BRAVO" trademark and/or tradename (b) the installation and maintenance of said services, products, software, components and/or systems in gaming and/or casino information technology systems in the United States, including this Judicial District and (c) the use of gaming information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

11.    This Court has personal jurisdiction over defendant Genesis as Genesis has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

12.    On information and belief, defendant Genesis has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

13.    On information and belief, defendant ITCS has engaged in (a) the offer for sale and sale of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, marquee, player tracking and dealer coordination solutions under the "IT Casino Solutions," "ITC," "ITCS" and/or "ISIS M3" trademarks and/or tradenames (b) the installation and maintenance of said services, products, software, components and/or systems in gaming and/or casino information technology systems in the United States, including this Judicial District and (c) the use of gaming information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

14.     This Court has personal jurisdiction over defendant ITCS as ITCS has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

15.     On information and belief, defendant ITCS has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

16.     On information and belief, defendant HPC has engaged in (a) the installation, maintenance and use of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, marquee, player tracking, tournament and dealer coordination solutions either itself or in concert with defendant ITCS..

17.     This Court has personal jurisdiction over defendant HPC as HPC has committed acts of patent infringement in this Judicial District including, *inter alia*, making or using infringing services, products, software, components and/or systems in this Judicial District.

18.     On information and belief, defendant HPC has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

19.     On information and belief, defendant Commerce has engaged in (a) the installation, maintenance and use of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, tournament, player tracking, marquee and dealer coordination solutions either itself or in concert with defendants Genesis and/or ITCS.

20.     This Court has personal jurisdiction over defendant Commerce as Commerce has committed acts of patent infringement in this Judicial District

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

including, *inter alia*, making or using infringing services, products, software, components and/or systems in this Judicial District.

21.     On information and belief, defendant Commerce has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

22.     On information and belief, defendant Normandie has engaged in (a) the installation, maintenance and use of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, player tracking, marquee and/or dealer coordination solutions either alone or in concert with defendant ITCS.

23.     This Court has personal jurisdiction over defendant Normandie as Normandie has committed acts of patent infringement in this Judicial District including, *inter alia*, making or using infringing services, products, software, components and/or systems in this Judicial District.

24.     On information and belief, defendant Normandie has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

25.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as regards to all defendants both separately and together.

## BACKGROUND

26.     Ameranth was established in 1996 to develop and provide innovative information system and data synchronization technology solutions for the hospitality industry.   Ameranth has been widely recognized as a technology leader in the provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and sports venues and has been awarded multiple "best product" technology awards, as well as been widely recognized as an innovator by both national and hospitality/gaming publications.   Ameranth's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   inventions enable, in relevant part, gaming and/or casino waitlisting, tournament,

2   player tracking, marquee and/or dealer coordination functions. Ameranth's Poker

3   Room Manager (PRM) family of products have been installed in many of the largest

4   and most successful poker rooms around the world and in the United States including

5   within this Judicial District (which is home to the three largest poker rooms in the

6   world and includes the greatest concentration of poker-related activities in the world).

7       27.     Development of the inventions leading to the patents-in-suit began at

8   least as early as late 2001 at a time when there were no integrated gaming or casino

9   waitlisting, marquee, player tracking, tournament or dealer coordination information

10  technology solutions.  Ameranth's later-acquired division, QueueOS, conceived and

11  developed its breakthrough innovations to provide systemic integrated solutions

12  directed to uniquely meeting these previously unmet industry needs.  After acquiring

13  QueueOS in 2006, Ameranth merged product features from the QueueOS product line

14  into its Poker Room Manager (PRM) family of products. Ameranth has expended

15  considerable effort and resources in inventing, developing and marketing its

16  inventions and protecting its rights therein.

17      28.     Ameranth's pioneering inventions have been widely adopted throughout

18  the gaming industry and are thus now essential to the efficient operations of modern

19  casino and/or gaming enterprises of the 21st Century.  Ameranth's solutions have

20  been adopted throughout the hospitality/gaming industry, including Genesis, ITCS,

21  HPC, Commerce, Normandie and many others.

22      29.     The widespread adoption of Ameranth's technology by industry leaders

23  and the wide acclaim received by Ameranth for its many technological innovations are

24  just some of the many confirmations of the breakthrough aspects of Ameranth's

25  inventions.  Ameranth has received more than 10 major technology awards and has

26  been widely recognized as an innovator.

27  / / /

28  / / /

## FIRST CLAIM FOR RELIEF
### Patent Infringement (U.S. Pat. No. 7,431,650)
### (35 U.S.C. § 271)

30.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-29 above as if fully set forth herein.

31.     On October 7, 2008, United States Patent No. 7,431,650 entitled "Casino Poker and Dealer Management System" ("the '650 patent") (attached hereto as Exhibit A) was duly and legally issued by the United States Patent & Trademark Office.

32.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '650 patent.

33.     On information and belief, defendant Genesis has infringed the '650 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale and/or selling infringing gaming and/or casino information technology systems including but not limited to systems including waitlisting, tournament, player tracking and marquee functions under the BRAVO trademark and/or tradename in the U.S. without authority or license from Ameranth.

34.     On information and belief, defendant Genesis has actively induced others to infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting gaming and/or casino users to use infringing systems and services including but not limited to systems and services including waitlisting, tournament, player tracking, and marquee functions under the BRAVO trademark and/or tradename in the U.S. without authority or license from Ameranth.

35.     On information and belief, defendant Genesis has contributorily infringed the '650 patent in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '650 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '650 patent to distributors and/or to

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

gaming and/or casino users for use in infringing systems and services including but not limited to systems and services including waitlisting, tournament, player tracking, and marquee functions under the BRAVO trademark and/or tradename in the U.S. without authority or license from Ameranth.

36.     On information and belief, defendant ITCS has infringed the '650 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale and/or selling infringing gaming and/or casino information technology systems including but not limited to systems including waitlisting, player tracking, marquee and dealer scheduling functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks and/or tradenames in the U.S. without authority or license from Ameranth.

37.     On information and belief, defendant ITCS has actively induced others to infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting gaming and/or casino users to use infringing systems and services including but not limited to systems and services including waitlisting, player tracking, ,marquee and dealer scheduling functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks and/or tradenames in the U.S. without authority or license from Ameranth.

38.     On information and belief, defendant ITCS has contributorily infringed the '650 patent in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '650 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '650 patent to distributors and/or to gaming and/or casino users for use in infringing systems and services including but not limited to systems and services including waitlisting, player tracking, marquee and dealer scheduling functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks and/or tradenames in the U.S. without authority or license from Ameranth.

39.     On information and belief, defendant HPC has infringed the '650 patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or casino

1   information technology systems including but not limited to systems including

2   waitlisting, tournament, player tracking, marquee and dealer coordination functions

3   either itself or in concert with defendant ITCS in the U.S. without authority or license

4   from Ameranth.

5       40.     On information and belief, defendant HPC has actively induced others to

6   infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging,

7   aiding and abetting gaming and/or casino users to use infringing systems and services

8   including but not limited to systems and services including waitlisting, tournament,

9   player tracking, marquee and dealer coordination functions either itself or in concert

10  with defendant ITCS in the U.S. without authority or license from Ameranth.

11      41.     On information and belief, defendant HPC has contributorily infringed

12  the '650 patent in violation of 35 U.S.C. § 271(c) by providing components of systems

13  on which claims of the '650 patent read, constituting a material part of the invention,

14  knowing that the components were especially adapted for use in systems which

15  infringe claims of the '650 patent, to gaming and/or casino users for use in infringing

16  systems and services including but not limited to systems and services including

17  waitlisting, tournament, player tracking, marquee and dealer coordination functions

18  either itself or in concert with defendant ITCS without authority or license from

19  Ameranth.

20      42.     On information and belief, defendant Commerce has infringed the '650

21  patent in violation of 35 U.S.C. § 271(a) by making and/or using infringing gaming

22  and/or casino information technology systems including but not limited to systems

23  including waitlisting, tournament, player tracking, marquee and dealer coordination

24  functions either itself or in concert with defendants Genesis and/or ITCS in the U.S.

25  without authority or license from Ameranth.

26      43.     On information and belief, defendant Commerce has actively induced

27  others to infringe the '650 patent in violation of 35 U.S.C. §271(b) by knowingly

28  encouraging, aiding and abetting gaming and/or casino users to use infringing systems

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   and services including but not limited to systems and services including waitlisting,

2   tournament, player tracking, marquee and dealer coordination functions either itself or

3   in concert with defendants Genesis and/or ITCS in the U.S. without authority or

4   license from Ameranth.

5       44.      On information and belief, defendant Commerce has contributorily

6   infringed the '650 patent in violation of 35 U.S.C. §271(c) by providing components

7   of systems on which claims of the '650 patent read, constituting a material part of the

8   invention, knowing that the components were especially adapted for use in systems

9   which infringe claims of the '650 patent, to gaming and/or casino users for use in

10   infringing systems and services including but not limited to systems and services

11   including waitlisting, tournament, player tracking, ,marquee and dealer coordination

12   functions either itself or in concert with defendants Genesis and/or ITCS without

13   authority or license from Ameranth.

14       45.      On information and belief, defendant Normandie has infringed the '650

15   patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or

16   casino information technology systems including but not limited to systems including

17   waitlisting, player tracking, marquee and dealer coordination functions either itself or

18   in concert with defendant ITCS in the U.S. without authority or license from

19   Ameranth.

20       46.      On information and belief, defendant Normandie has actively induced

21   others to infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly

22   encouraging, aiding and abetting gaming and/or casino users to use infringing systems

23   and services including but not limited to systems and services including waitlisting,

24   player tracking, marquee and dealer coordination functions either itself or in concert

25   with defendant ITCS in the U.S. without authority or license from Ameranth.

26       47.      On information and belief, defendant Normandie has contributorily

27   infringed the '650 patent in violation of 35 U.S.C. § 271(c) by providing components

28   of systems on which claims of the '650 patent read, constituting a material part of the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   invention, knowing that the components were especially adapted for use in systems

2   which infringe claims of the '650 patent, to gaming and/or casino users for use in

3   infringing systems and services including but not limited to systems and services

4   including waitlisting, player tracking, marquee and dealer coordination functions

5   either itself or in concert with defendant ITCS without authority or license from

6   Ameranth.

7       48.     On information and belief, the infringement of the '650 patent by all

8   defendants has been in willful disregard of Ameranth's patent rights, making this an

9   exceptional case within the meaning of 35 U.S.C. § 285.

10      49.     The aforesaid infringing activity has caused damage to plaintiff,

11   including loss of profits from sales they would have made but for the infringements.

12   Unless enjoined, the aforesaid infringing activity will continue and cause irreparable

13   injury to plaintiff for which there is no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**Patent Infringement (U.S. Pat. No. 7,878,909)**
**(35 U.S.C. § 271)**

17      50.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs

18   1-49 above as if fully set forth herein.

19      51.     On February 1, 2011, United States Patent No. 7,878,909 entitled

20   "Products and Processes for Operations Management of casino, Leisure and

21   Hospitality Industry" ("the '909 patent") (attached hereto as Exhibit B) was duly and

22   legally issued by the United States Patent & Trademark Office.

23      52.     Plaintiff Ameranth is the lawful owner by assignment of all right, title

24   and interest in and to the '909 patent.

25      53.     On information and belief, defendant ITCS has infringed the '909 patent

26   in violation of 35 U.S.C. § 271(a) by making, using, offering for sale and/or selling

27   infringing gaming and/or casino information technology systems and services

28   including but not limited to systems and services including dealer coordination

1  functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks
2  and/or tradenames in the U.S. without authority or license from Ameranth.

3      54.     On information and belief, defendant ITCS has actively induced others to
4  infringe the '909 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging,
5  aiding and abetting gaming and/or casino users to use infringing systems and services
6  including but not limited to systems and services including dealer coordination
7  functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks
8  and/or tradenames in the U.S. without authority or license from Ameranth.

9      55.     On information and belief, defendant ITCS has contributorily infringed
10  the '909 patent in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling
11  components of systems on which claims of the '909 patent read, constituting a
12  material part of the invention, knowing that the components were especially adapted
13  for use in systems which infringe claims of the '909 patent to distributors and/or to
14  gaming and/or casino users for use in infringing systems and services including but
15  not limited to systems and services including dealer coordination functions under the
16  IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks and/or tradenames in the
17  U.S. without authority or license from Ameranth.

18      56.     On information and belief, defendant HPC has infringed the '909 patent
19  in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or casino
20  information technology systems including but not limited to systems including dealer
21  coordination functions either itself or in concert with defendant ITCS in the U.S.
22  without authority or license from Ameranth.

23      57.     On information and belief, defendant HPC has actively induced others to
24  infringe the '909 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging,
25  aiding and abetting gaming and/or casino users to use infringing systems and services
26  including but not limited to systems and services including dealer coordination
27  functions either itself or in concert with defendant ITCS in the U.S. without authority
28  or license from Ameranth.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

58.     On information and belief, defendant HPC has contributorily infringed the '909 patent in violation of 35 U.S.C. § 271(c) by providing components of systems on which claims of the '909 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '909 patent, to gaming and/or casino users for use in infringing systems and services including but not limited to systems and services including dealer coordination functions either itself or in concert with defendant ITCS without authority or license from Ameranth.

59.     On information and belief, defendant Commerce has infringed the '909 patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or casino information technology systems including but not limited to systems including dealer coordination functions either alone or in concert with defendant ITCS in the U.S. without authority or license from Ameranth.

60.     On information and belief, defendant Commerce has actively induced others to infringe the '909 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting gaming and/or casino users to use infringing systems and services including but not limited to systems and services including dealer coordination functions either alone or in concert with defendant ITCS in the U.S. without authority or license from Ameranth.

61.     On information and belief, defendant Commerce has contributorily infringed the '909 patent in violation of 35 U.S.C. § 271(c) by providing components of systems on which claims of the '909 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '909 patent, to gaming and/or casino users for use in infringing systems and services including but not limited to systems and services including dealer coordination functions either itself or in concert with defendant ITCS without authority or license from Ameranth.

///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

62.     On information and belief, defendant Normandie has infringed the '909 patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or casino information technology systems including but not limited to systems including dealer coordination functions either itself or in concert with defendant ITCS in the U.S. without authority or license from Ameranth.

63.     On information and belief, defendant Normandie has actively induced others to infringe the '909 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting gaming and/or casino users to use infringing systems and services including but not limited to systems and services including dealer coordination functions either alone or in concert with defendant ITCS in the U.S. without authority or license from Ameranth.

64.     On information and belief, defendant Normandie has contributorily infringed the '909 patent in violation of 35 U.S.C. § 271(c) by providing components of systems on which claims of the '909 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '909 patent, to gaming and/or casino users for use in infringing systems and services including but not limited to systems and services including dealer coordination functions either alone or in concert with defendant ITCS without authority or license from Ameranth.

65.     The aforesaid infringing activity has caused damage to plaintiff, including loss of profits from sales they would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to plaintiff for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment and an order against defendants:

A.     Adjudging that the manufacture, use, offer for sale and/or sale of Genesis's products, services, software and/or hardware including those under the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   BRAVO trademark and/or tradename infringes the '650 patent;

2       B.      Adjudging that the manufacture, use, offer for sale and/or sale of ITCS's

3   products, services and/or software including those under the IT Casino Solutions, ITC,

4   ITCS and/or ISIS M3 trademarks and/or tradenames infringes the '650 and '909

5   patents;

6       C.      Adjudging that the making and/or use of HPC's gaming and/or casino

7   waitlisting, player tracking, tournament, marquee and dealer coordination products,

8   services and/or software infringes the '650 and '909 patents;

9       D.      Adjudging that the making and/or use of Commerce's gaming and/or

10  casino waitlisting, tournament, player tracking, marquee and dealer coordination

11  products, services and/or software infringes the '650 and '909 patents;

12      E.      Adjudging that the making and/or use of Normandie gaming and/or

13  casino waitlisting, marquee and/or dealer coordination products, services and/or

14  software infringes the '650 and '909 patents;

15      F.      Adjudging that Genesis has infringed, actively induced others to infringe

16  and/or contributorily infringed the '650 patent;

17      G.      Adjudging that each of ITCS, HPC, Commerce and Normandie has

18  infringed, actively induced others to infringe and/or contributorily infringed the '650

19  and '909 patents;

20      H.      Adjudging that infringement of the '650 patent by Genesis, ITCS, HPC,

21  Commerce and Normandie has been willful;

22      I.      Enjoining Genesis, its officers, directors, employees, attorneys, agents,

23  representatives, parents, subsidiaries, affiliates and all other persons acting in concert,

24  participation or privity with them, and their successors and assigns, from infringing,

25  contributorily infringing and/or inducing others to infringe the '650 patent;

26      J.      Enjoining ITCS, HPC, Commerce and Normandie, their officers,

27  directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates

28  and all other persons acting in concert, participation or privity with them, and their

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the '650 and '909 patents;

K.   Awarding Ameranth the damages it has sustained by reason of defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

L.   Awarding Ameranth increased damages of three times the amount found or assessed by reason of the willful and deliberate nature of defendants' acts of infringement pursuant to 35 U.S.C. § 284;

M.   Adjudging this to be an exceptional case and awarding Ameranth its attorney fees pursuant to 35 U.S.C. §285; and

N.   Awarding to Ameranth such other and further relief that this Court may deem just and proper.

Dated: February 1, 2011                Respectfully submitted,

                                       LOCKE LORD BISSELL & LIDDELL LLP

                                       By: _____
                                           John W. Osborne
                                           Brandon J. Witkow
                                       *Attorneys for Plaintiff* AMERANTH, INC.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff Ameranth, Inc., hereby demand trial by jury on all issues so triable,

3 pursuant to Rule 38 of the Federal Rules of Civil Procedure.

4

5 Dated: February 1, 2011     Respectfully submitted,

6

7           LOCKE LORD BISSELL & LIDDELL LLP

8           By: _____

9             John W. Osborne

10            Brandon J. Witkow

            *Attorneys for Plaintiff* AMERANTH, INC.

11

12

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA, 90071-3119*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

US007878909B2

(12) **United States Patent**
Kessman et al.

(10) Patent No.: **US 7,878,909 B2**
(45) Date of Patent: **Feb. 1, 2011**

(54) **PRODUCTS AND PROCESSES FOR OPERATIONS MANAGEMENT OF CASINO, LEISURE AND HOSPITALITY INDUSTRY**

(75) Inventors: **Mark D. Kessman**, Pound Ridge, NY (US); **Sean P. McCauley**, Danbury, CT (US)

(73) Assignee: **Ameranth, Inc.**, San Diego, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 484 days.

(21) Appl. No.: **12/043,829**

(22) Filed: **Mar. 6, 2008**

(65) **Prior Publication Data**
US 2008/0281666 A1    Nov. 13, 2008

**Related U.S. Application Data**

(62) Division of application No. 10/452,231, filed on May 30, 2003, now Pat. No. 7,431,650.

(60) Provisional application No. 60/384,565, filed on May 30, 2002, provisional application No. 60/429,383, filed on Nov. 25, 2002.

(51) **Int. Cl.**
*G06F 19/00*    (2006.01)

(52) **U.S. Cl.** .......................................... **463/42;** 463/16

(58) **Field of Classification Search** ............. 463/25–42, 463/17–20; 705/14.12, 14.41, 30; 703/1; 701/300; 726/5; 273/236
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,926,327 A    5/1990   Sidley

| | | | | |
|---|---|---|---|---|
| 5,586,936 A | 12/1996 | Bennett et al. | | |
| 5,711,715 A | 1/1998 | Ringo et al. | | |
| 5,957,776 A | 9/1999 | Hoehne | | |
| 6,093,100 A | 7/2000 | Singer et al. | | |
| 6,117,011 A | 9/2000 | Lvov | | |
| 6,174,237 B1 | 1/2001 | Stephenson | | |
| 6,267,671 B1 * | 7/2001 | Hogan | .......................... | 463/25 |
| 6,299,534 B1 | 10/2001 | Breeding et al. | | |
| 6,382,629 B1 | 5/2002 | Hill | | |
| 6,582,301 B2 | 6/2003 | Hill | | |
| 6,672,589 B1 | 1/2004 | Lemke et al. | | |
| 6,676,517 B2 * | 1/2004 | Beavers | ...................... | 463/25 |
| 6,729,959 B1 | 5/2004 | Moore et al. | | |
| 6,767,284 B1 | 7/2004 | Koza | | |
| 7,018,291 B1 | 3/2006 | Lemke et al. | | |
| 7,255,642 B2 | 8/2007 | Sines et al. | | |
| 7,306,516 B2 | 12/2007 | Losilevsky | | |
| 7,460,863 B2 * | 12/2008 | Steelberg et al. | ............ | 455/419 |
| 2002/0123377 A1 | 9/2002 | Shulman | | |
| 2003/0139190 A1 * | 7/2003 | Steelberg et al. | ............ | 455/456 |
| 2007/0004518 A1 | 1/2007 | Friesen et al. | | |

* cited by examiner

*Primary Examiner*—Peter DungBa Vo
*Assistant Examiner*—Masud Ahmed
(74) *Attorney, Agent, or Firm*—Locke Lord Bissell & Liddell LLP

(57) **ABSTRACT**

In various embodiments of this invention, a suite of customized computer software applications, a linked or wireless computer network and accessory components cooperate to enhance and extend customer and employee resource management in the casino/gaming environment.

**26 Claims, 95 Drawing Sheets**



*TableTron*
TableTron Process

TableTron offers a multitude of processes of which certain Actors can utilize. Depending on the function at hand Actors will initiate, monitor, and react to certain product processes.

**U.S. Patent**      Feb. 1, 2011      Sheet 1 of 95      US 7,878,909 B2



## FIG. 1



TableTron offers electronic data efficiency within game, seat, rating, player, report, and system management incorporating a client–server based real–time application. TableTron is fully capable of managing the gateway (front–end) processes of casino venues by using intelligent an application model.

## FIG. 2



FIG. 3



**FIG. 4**



**FIG. 5**

TableTron offers a multitude of processes of which certain Actors can utilize. Depending on the function at hand Actors will initiate, monitor, and react to certain product processes.