LOCKE LORD BISSELL & LIDDELL LLP
Brandon J. Witkow (SBN 210443)
bwitkow@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Tel:    (213) 485-1500
Fax:   (213) 485-1200

LOCKE LORD BISSELL & LIDDELL LLP
John W. Osborne (*Pro Hac Vice To be Filed*)
josborne@lockelord.com
Three World Financial Center
New York, New York 10281-2101
Tel:    (212) 415-8600
Fax:   (212) 303-2754

*Attorneys for Plaintiff*
AMERANTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GENESIS GAMING SOLUTIONS, INC., a Texas corporation, IT CASINO SOLUTIONS LLC, a California limited liability company, EL DORADO ENTERPRISES, INC, dba HUSTLER CASINO, a California corporation, & COMMERCE CASINO, INC., a California corporation, NORMANDIE CLUB LP, a California limited partnership, & DOES 1-100, inclusive,<br><br>Defendants. | Case No. 8:11-CV-00189-AG (RNBX)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-3119

FILED BY FAX

ORIGINAL

2011 APR 26   PM 3: 46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## COMPLAINT

Plaintiff Ameranth, Inc., for its First Amended Complaint against Genesis Gaming Solutions, Inc., IT Casino Solutions LLC, El Dorado Enterprises, Inc., dba Hustler Casino, Commerce Casino, Inc., and Normandie Club, LP, avers as follows:

## PARTIES

1.     Plaintiff Ameranth, Inc. ("Plaintiff" or "Ameranth") is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.   Ameranth manufactures and sells, *inter alia*, gaming information technology solutions under the trademarks 21st Century Casino™ ("21CC"), Poker Room Manager ("PRM") and others, including casino waitlisting, tournament, marquee, player tracking and dealer coordination products and solutions.

2.     Defendant Genesis Gaming Solutions, Inc. ("Genesis") is, on information and belief, a Texas corporation having a principal place of business at 25003 Pitkin Road, Spring, Texas 77386.  On information and belief, Defendant Genesis makes, uses, sells and/or offers for sale gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, player tracking, tournament and marquee solutions.

3.     Defendant IT Casino Solutions, LLC ("ITCS") is, on information and belief, a California limited liability corporation having a principal place of business at 7310 E. Paseo Tampico, Anaheim Hills, California 92808.  On information and belief, Defendant ITCS makes, uses, sells and/or offers for sale gaming information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems including casino waitlisting, player tracking, tournament ,marquee and dealer coordination solutions.

4.     Defendant El Dorado Enterprises, Inc., dba Hustler Casino. ("Hustler Casino") is, on information and belief, a California corporation having a principal place of business at 1000 W. Redondo Beach Blvd., Gardena, CA 90247.  On

FIRST AMENDED COMPLAINT

1   information and belief, Defendant Hustler Casino makes or uses gaming information

2   technology products, software, components and/or systems within this Judicial

3   District including products, software, components and/or systems including casino

4   waitlisting, tournament, player tracking, marquee and dealer coordination solutions.

5        5.      Defendant Commerce Casino, Inc. ("Commerce") is, on information and

6   belief, a California corporation having a principal place of business at 6131 E.

7   Telegraph Road, Commerce, California 90040.  On information and belief, Defendant

8   Commerce makes or uses gaming information technology products, software,

9   components and/or systems within this Judicial District including products, software,

10  components and/or systems including casino waitlisting, player tracking, tournament,

11  marquee and dealer coordination solutions.  Commerce purports to be the world's

12  largest poker room.

13       6.      Defendant Normandie Club, LP ("Normandie") is, on information and

14  belief, a California limited partnership having a principal place of business at 1045 W.

15  Rosecrans Blvd., Gardena, California 90247.  On information and belief, Defendant

16  Normandie makes or uses gaming information technology products, software,

17  components and/or systems within this Judicial District including products, software,

18  components and/or systems including casino waitlisting, tournament, player tracking,

19  marquee and dealer coordination solutions.

20       7.      The true names and capacities of the Defendants named herein as DOES

21  1 through 100, inclusive, are unknown to Plaintiff at this time.  Therefore, Plaintiff

22  sues said Defendants by such fictitious names.  Plaintiff will amend this complaint to

23  allege these Defendants' true names and capacities when they have been ascertained.

## JURISDICTION AND VENUE

25       8.      This is an action for patent infringement arising under the Patent Laws of

26  the United States, 35 U.S.C. §§ 271, 281-285.

27       9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

28  and 1338(a).

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

3

FIRST AMENDED COMPLAINT

10.     On information and belief, defendant Genesis has engaged in (a) the offer for sale and sale of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, player tracking, tournament and marquee solutions under the "BRAVO" trademark and/or tradename (b) the installation and maintenance of said services, products, software, components and/or systems in gaming and/or casino information technology systems in the United States, including this Judicial District and (c) the use of gaming information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

11.     This Court has personal jurisdiction over defendant Genesis as Genesis has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

12.     On information and belief, defendant Genesis has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

13.     On information and belief, defendant ITCS has engaged in (a) the offer for sale and sale of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, marquee, player tracking and dealer coordination solutions under the "IT Casino Solutions," "ITC," "ITCS" and/or "ISIS M3" trademarks and/or tradenames (b) the installation and maintenance of said services, products, software, components and/or systems in gaming and/or casino information technology systems in the United States, including this Judicial District and (c) the use of gaming information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

14.     This Court has personal jurisdiction over defendant ITCS as ITCS has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

15.     On information and belief, defendant ITCS has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

16.     On information and belief, defendant Hustler Casino has engaged in (a) the installation, maintenance and use of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, marquee, player tracking, tournament and dealer coordination solutions either itself or in concert with defendant ITCS..

17.     This Court has personal jurisdiction over defendant Hustler Casino as Hustler Casino has committed acts of patent infringement in this Judicial District including, *inter alia*, making or using infringing services, products, software, components and/or systems in this Judicial District.

18.     On information and belief, defendant Hustler Casino has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

19.     On information and belief, defendant Commerce has engaged in (a) the installation, maintenance and use of gaming technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems including casino waitlisting, tournament, player tracking, marquee and dealer coordination solutions either itself or in concert with defendants Genesis and/or ITCS.

20.     This Court has personal jurisdiction over defendant Commerce as Commerce has committed acts of patent infringement in this Judicial District

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1   including, *inter alia*, making or using infringing services, products, software,
2   components and/or systems in this Judicial District.

3       21.      On information and belief, defendant Commerce has knowingly and
4   actively infringed, contributed to infringement and/or have induced others to commit
5   such acts of infringement in this Judicial District.

6       22.      On information and belief, defendant Normandie has engaged in (a) the
7   installation, maintenance and use of gaming technology services, products and/or
8   components in the United States, including this Judicial District, including services,
9   products, software, components and/or systems including casino waitlisting, player
10  tracking, marquee and/or dealer coordination solutions either alone or in concert with
11  defendant ITCS.

12      23.      This Court has personal jurisdiction over defendant Normandie as
13  Normandie has committed acts of patent infringement in this Judicial District
14  including, *inter alia*, making or using infringing services, products, software,
15  components and/or systems in this Judicial District.

16      24.      On information and belief, defendant Normandie has knowingly and
17  actively infringed, contributed to infringement and/or have induced others to commit
18  such acts of infringement in this Judicial District.

19      25.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b)
20  and (c) and 1400(b) as regards to all defendants both separately and together.

21                                  **BACKGROUND**

22      26.      Ameranth was established in 1996 to develop and provide innovative
23  information system and data synchronization technology solutions for the hospitality
24  industry.    Ameranth has been widely recognized as a technology leader in the
25  provision of wireless and internet-based systems and services to, *inter alia*,
26  restaurants, hotels, casinos, cruise ships and sports venues and has been awarded
27  multiple "best product" technology awards, as well as been widely recognized as an
28  innovator by both national and hospitality/gaming publications.    Ameranth's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

FIRST AMENDED COMPLAINT

inventions enable, in relevant part, gaming and/or casino waitlisting, tournament, player tracking, marquee and/or dealer coordination functions. Ameranth's Poker Room Manager (PRM) family of products have been installed in many of the largest and most successful poker rooms around the world and in the United States including within this Judicial District (which is home to the three largest poker rooms in the world and includes the greatest concentration of poker-related activities in the world).

27.     Development of the inventions leading to the patents-in-suit began at least as early as late 2001 at a time when there were no integrated gaming or casino waitlisting, marquee, player tracking, tournament or dealer coordination information technology solutions.  Ameranth's later-acquired division, QueueOS, conceived and developed its breakthrough innovations to provide systemic integrated solutions directed to uniquely meeting these previously unmet industry needs.  After acquiring QueueOS in 2006, Ameranth merged product features from the QueueOS product line into its Poker Room Manager (PRM) family of products. Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

28.     Ameranth's pioneering inventions have been widely adopted throughout the gaming industry and are thus now essential to the efficient operations of modern casino and/or gaming enterprises of the 21st Century.  Ameranth's solutions have been adopted throughout the hospitality/gaming industry, including by Genesis, ITCS, Hustler Casino, Commerce, Normandie and many others.

29.     The widespread adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its many technological innovations are just some of the many confirmations of the breakthrough aspects of Ameranth's inventions.  Ameranth has received more than 10 major technology awards  and has been widely recognized as an innovator.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

## FIRST CLAIM FOR RELIEF

### Patent Infringement (U.S. Pat. No. 7,431,650)

### (35 U.S.C. § 271)

30.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-29 above as if fully set forth herein.

31.     On October 7, 2008, United States Patent No. 7,431,650 entitled "Casino Poker and Dealer Management System" ("the '650 patent") (attached hereto as Exhibit A) was duly and legally issued by the United States Patent & Trademark Office.

32.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '650 patent.

33.     On information and belief, defendant Genesis has infringed the '650 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale and/or selling infringing gaming and/or casino information technology systems including but not limited to systems including waitlisting, tournament, player tracking and marquee functions under the BRAVO trademark and/or tradename in the U.S. without authority or license from Ameranth.

34.     On information and belief, defendant Genesis has actively induced others to infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging, aiding and abetting gaming and/or casino users to use infringing systems and services including but not limited to systems and services including waitlisting, tournament, player tracking, and marquee functions under the BRAVO trademark and/or tradename in the U.S. without authority or license from Ameranth.

35.     On information and belief, defendant Genesis has contributorily infringed the '650 patent in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling components of systems on which claims of the '650 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '650 patent to distributors and/or to

1  gaming and/or casino users for use in infringing systems and services including but

2  not limited to systems and services including waitlisting, tournament, player tracking,

3  and marquee functions under the BRAVO trademark and/or tradename in the U.S.

4  without authority or license from Ameranth.

5      36.      On information and belief, defendant ITCS has infringed the '650 patent

6  in violation of 35 U.S.C. § 271(a) by making, using, offering for sale and/or selling

7  infringing gaming and/or casino information technology systems including but not

8  limited to systems including waitlisting, player tracking, marquee and dealer

9  scheduling functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3

10 trademarks and/or tradenames in the U.S. without authority or license from Ameranth.

11     37.      On information and belief, defendant ITCS has actively induced others to

12 infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging,

13 aiding and abetting gaming and/or casino users to use infringing systems and services

14 including but not limited to systems and services including waitlisting, player

15 tracking, ,marquee and dealer scheduling functions under the IT Casino Solutions,

16 ITC, ITCS and/or ISIS M3 trademarks and/or tradenames in the U.S. without

17 authority or license from Ameranth.

18     38.      On information and belief, defendant ITCS has contributorily infringed

19 the '650 patent in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling

20 components of systems on which claims of the '650 patent read, constituting a

21 material part of the invention, knowing that the components were especially adapted

22 for use in systems which infringe claims of the '650 patent to distributors and/or to

23 gaming and/or casino users for use in infringing systems and services including but

24 not limited to systems and services including waitlisting, player tracking, marquee and

25 dealer scheduling functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3

26 trademarks and/or tradenames in the U.S. without authority or license from Ameranth.

27     39.      On information and belief, defendant Hustler Casino has infringed the

28 '650 patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

FIRST AMENDED COMPLAINT

1    and/or casino information technology systems including but not limited to systems
2    including waitlisting, tournament, player tracking, marquee and dealer coordination
3    functions either itself or in concert with defendant ITCS in the U.S. without authority
4    or license from Ameranth.

5    40.    On information and belief, defendant Hustler Casino has actively induced
6    others to infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly
7    encouraging, aiding and abetting gaming and/or casino users to use infringing systems
8    and services including but not limited to systems and services including waitlisting,
9    tournament, player tracking, marquee and dealer coordination functions either itself or
10   in concert with defendant ITCS in the U.S. without authority or license from
11   Ameranth.

12   41.    On information and belief, defendant Hustler Casino has contributorily
13   infringed the '650 patent in violation of 35 U.S.C. § 271(c) by providing components
14   of systems on which claims of the '650 patent read, constituting a material part of the
15   invention, knowing that the components were especially adapted for use in systems
16   which infringe claims of the '650 patent, to gaming and/or casino users for use in
17   infringing systems and services including but not limited to systems and services
18   including waitlisting, tournament, player tracking, marquee and dealer coordination
19   functions either itself or in concert with defendant ITCS without authority or license
20   from Ameranth.

21   42.    On information and belief, defendant Commerce has infringed the '650
22   patent in violation of 35 U.S.C. § 271(a) by making and/or using infringing gaming
23   and/or casino information technology systems including but not limited to systems
24   including waitlisting, tournament, player tracking, marquee and dealer coordination
25   functions either itself or in concert with defendants Genesis and/or ITCS in the U.S.
26   without authority or license from Ameranth.

27   43.    On information and belief, defendant Commerce has actively induced
28   others to infringe the '650 patent in violation of 35 U.S.C. §271(b) by knowingly

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  encouraging, aiding and abetting gaming and/or casino users to use infringing systems

2  and services including but not limited to systems and services including waitlisting,

3  tournament, player tracking, marquee and dealer coordination functions either itself or

4  in concert with defendants Genesis and/or ITCS in the U.S. without authority or

5  license from Ameranth.

6      44.      On information and belief, defendant Commerce has contributorily

7  infringed the '650 patent in violation of 35 U.S.C. §271(c) by providing components

8  of systems on which claims of the '650 patent read, constituting a material part of the

9  invention, knowing that the components were especially adapted for use in systems

10  which infringe claims of the '650 patent, to gaming and/or casino users for use in

11  infringing systems and services including but not limited to systems and services

12  including waitlisting, tournament, player tracking, ,marquee and dealer coordination

13  functions either itself or in concert with defendants Genesis and/or ITCS without

14  authority or license from Ameranth.

15      45.      On information and belief, defendant Normandie has infringed the '650

16  patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or

17  casino information technology systems including but not limited to systems including

18  waitlisting, player tracking, marquee and dealer coordination functions either itself or

19  in concert with defendant ITCS in the U.S. without authority or license from

20  Ameranth.

21      46.      On information and belief, defendant Normandie has actively induced

22  others to infringe the '650 patent in violation of 35 U.S.C. § 271(b) by knowingly

23  encouraging, aiding and abetting gaming and/or casino users to use infringing systems

24  and services including but not limited to systems and services including waitlisting,

25  player tracking, marquee and dealer coordination functions either itself or in concert

26  with defendant ITCS in the U.S. without authority or license from Ameranth.

27      47.      On information and belief, defendant Normandie has contributorily

28  infringed the '650 patent in violation of 35 U.S.C. § 271(c) by providing components

of systems on which claims of the '650 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '650 patent, to gaming and/or casino users for use in infringing systems and services including but not limited to systems and services including waitlisting, player tracking, marquee and dealer coordination functions either itself or in concert with defendant ITCS without authority or license from Ameranth.

48.      On information and belief, the infringement of the '650 patent by all defendants has been in willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

49.      The aforesaid infringing activity has caused damage to plaintiff, including loss of profits from sales they would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to plaintiff for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Patent Infringement (U.S. Pat. No. 7,878,909)
### (35 U.S.C. § 271)

50.      Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-49 above as if fully set forth herein.

51.      On February 1, 2011, United States Patent No. 7,878,909 entitled "Products and Processes for Operations Management of casino, Leisure and Hospitality Industry" ("the '909 patent") (attached hereto as Exhibit B) was duly and legally issued by the United States Patent & Trademark Office.

52.      Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '909 patent.

53.      On information and belief, defendant ITCS has infringed the '909 patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale and/or selling infringing gaming and/or casino information technology systems and services

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

FIRST AMENDED COMPLAINT

1    including but not limited to systems and services including dealer coordination

2    functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks

3    and/or tradenames in the U.S. without authority or license from Ameranth.

4        54.    On information and belief, defendant ITCS has actively induced others to

5    infringe the '909 patent in violation of 35 U.S.C. § 271(b) by knowingly encouraging,

6    aiding and abetting gaming and/or casino users to use infringing systems and services

7    including but not limited to systems and services including dealer coordination

8    functions under the IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks

9    and/or tradenames in the U.S. without authority or license from Ameranth.

10       55.    On information and belief, defendant ITCS has contributorily infringed

11   the '909 patent in violation of 35 U.S.C. § 271(c) by offering to sell and/or selling

12   components of systems on which claims of the '909 patent read, constituting a

13   material part of the invention, knowing that the components were especially adapted

14   for use in systems which infringe claims of the '909 patent to distributors and/or to

15   gaming and/or casino users for use in infringing systems and services including but

16   not limited to systems and services including dealer coordination functions under the

17   IT Casino Solutions, ITC, ITCS and/or ISIS M3 trademarks and/or tradenames in the

18   U.S. without authority or license from Ameranth.

19       56.    On information and belief, defendant Hustler Casino has infringed the

20   '909 patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming

21   and/or casino information technology systems including but not limited to systems

22   including dealer coordination functions either itself or in concert with defendant ITCS

23   in the U.S. without authority or license from Ameranth.

24       57.    On information and belief, defendant Hustler Casino has actively induced

25   others to infringe the '909 patent in violation of 35 U.S.C. § 271(b) by knowingly

26   encouraging, aiding and abetting gaming and/or casino users to use infringing systems

27   and services including but not limited to systems and services including dealer

28   coordination functions either itself or in concert with defendant ITCS in the U.S.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

13

1   without authority or license from Ameranth.

2       58.       On information and belief, defendant Hustler Casino has contributorily
3   infringed the '909 patent in violation of 35 U.S.C. § 271(c) by providing components
4   of systems on which claims of the '909 patent read, constituting a material part of the
5   invention, knowing that the components were especially adapted for use in systems
6   which infringe claims of the '909 patent, to gaming and/or casino users for use in
7   infringing systems and services including but not limited to systems and services
8   including dealer coordination functions either itself or in concert with defendant ITCS
9   without authority or license from Ameranth.

10       59.       On information and belief, defendant Commerce has infringed the '909
11   patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or
12   casino information technology systems including but not limited to systems including
13   dealer coordination functions either alone or in concert with defendant ITCS in the
14   U.S. without authority or license from Ameranth.

15       60.       On information and belief, defendant Commerce has actively induced
16   others to infringe the '909 patent in violation of 35 U.S.C. § 271(b) by knowingly
17   encouraging, aiding and abetting gaming and/or casino users to use infringing systems
18   and services including but not limited to systems and services including dealer
19   coordination functions either alone or in concert with defendant ITCS in the U.S.
20   without authority or license from Ameranth.

21       61.       On information and belief, defendant Commerce has contributorily
22   infringed the '909 patent in violation of 35 U.S.C. § 271(c) by providing components
23   of systems on which claims of the '909 patent read, constituting a material part of the
24   invention, knowing that the components were especially adapted for use in systems
25   which infringe claims of the '909 patent, to gaming and/or casino users for use in
26   infringing systems and services including but not limited to systems and services
27   including dealer coordination functions either itself or in concert with defendant ITCS
28   without authority or license from Ameranth.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

FIRST AMENDED COMPLAINT

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1    62.    On information and belief, defendant Normandie has infringed the '909

2    patent in violation of 35 U.S.C. § 271(a) by making or using infringing gaming and/or

3    casino information technology systems including but not limited to systems including

4    dealer coordination functions either itself or in concert with defendant ITCS in the

5    U.S. without authority or license from Ameranth.

6    63.    On information and belief, defendant Normandie has actively induced

7    others to infringe the '909 patent in violation of 35 U.S.C. §271(b) by knowingly

8    encouraging, aiding and abetting gaming and/or casino users to use infringing systems

9    and services including but not limited to systems and services including dealer

10   coordination functions either alone or in concert with defendant ITCS in the U.S.

11   without authority or license from Ameranth.

12   64.    On information and belief, defendant Normandie has contributorily

13   infringed the '909 patent in violation of 35 U.S.C. § 271(c) by providing components

14   of systems on which claims of the '909 patent read, constituting a material part of the

15   invention, knowing that the components were especially adapted for use in systems

16   which infringe claims of the '909 patent, to gaming and/or casino users for use in

17   infringing systems and services including but not limited to systems and services

18   including dealer coordination functions either alone or in concert with defendant ITCS

19   without authority or license from Ameranth.

20   65.    The aforesaid infringing activity has caused damage to plaintiff,

21   including loss of profits from sales they would have made but for the infringements.

22   Unless enjoined, the aforesaid infringing activity will continue and cause irreparable

23   injury to plaintiff for which there is no adequate remedy at law.

24

25

26

27

28

1

## PRAYER FOR RELIEF

2        **WHEREFORE**, Plaintiff respectfully prays for judgment and an order against

3   defendants:

4        A.      Adjudging that the manufacture, use, offer for sale and/or sale of

5   Genesis's products, services, software and/or hardware including those under the

6   BRAVO trademark and/or tradename infringes the '650 patent;

7        B.      Adjudging that the manufacture, use, offer for sale and/or sale of ITCS's

8   products, services and/or software including those under the IT Casino Solutions, ITC,

9   ITCS and/or ISIS M3 trademarks and/or tradenames infringes the '650 and '909

10  patents;

11       C.      Adjudging that the making and/or use of Hustler Casino's gaming and/or

12  casino waitlisting, player tracking, tournament, marquee and dealer coordination

13  products, services and/or software infringes the '650 and '909 patents;

14       D.      Adjudging that the making and/or use of Commerce's gaming and/or

15  casino waitlisting, tournament, player tracking, marquee and dealer coordination

16  products, services and/or software infringes the '650 and '909 patents;

17       E.      Adjudging that the making and/or use of Normandie gaming and/or

18  casino waitlisting, marquee and/or dealer coordination products, services and/or

19  software infringes the '650 and '909 patents;

20       F.      Adjudging that Genesis has infringed, actively induced others to infringe

21  and/or contributorily infringed the '650 patent;

22       G.      Adjudging that each of ITCS, Hustler Casino, Commerce and Normandie

23  has infringed, actively induced others to infringe and/or contributorily infringed the

24  '650 and '909 patents;

25       H.      Adjudging that infringement of the '650 patent by Genesis, ITCS, Hustler

26  Casino, Commerce and Normandie has been willful;

27       I.      Enjoining Genesis, its officers, directors, employees, attorneys, agents,

28  representatives, parents, subsidiaries, affiliates and all other persons acting in concert,

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

**FIRST AMENDED COMPLAINT**

1  participation or privity with them, and their successors and assigns, from infringing,
2  contributorily infringing and/or inducing others to infringe the '650 patent;

3      J.    Enjoining ITCS, Hustler Casino, Commerce and Normandie, their
4  officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries,
5  affiliates and all other persons acting in concert, participation or privity with them,
6  and their successors and assigns, from infringing, contributorily infringing and/or
7  inducing others to infringe the '650 and '909 patents;

8      K.    Awarding Ameranth the damages it has sustained by reason of
9  defendants' infringement, together with interest and costs pursuant to 35 U.S.C. §
10  284;

11      L.    Awarding Ameranth increased damages of three times the amount found
12  or assessed by reason of the willful and deliberate nature of defendants' acts of
13  infringement pursuant to 35 U.S.C. § 284;

14      M.    Adjudging this to be an exceptional case and awarding Ameranth its
15  attorney fees pursuant to 35 U.S.C. §285; and

16      N.    Awarding to Ameranth such other and further relief that this Court may
17  deem just and proper.

19  Dated: April 26, 2011        Respectfully submitted,

20      LOCKE LORD BISSELL & LIDDELL LLP

22      By:
    John W. Osborne
    Brandon J. Witkow
    *Attorneys for Plaintiff* AMERANTH, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Ameranth, Inc., hereby demand trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 26, 2011

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _Brandon J. Witkow_
John W. Osborne
Brandon J. Witkow
*Attorneys for Plaintiff* AMERANTH, INC.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

# EXHIBIT A

US007878909B2

(12) **United States Patent**
     Kessman et al.

(10) Patent No.:     **US 7,878,909 B2**
(45) Date of Patent:     **Feb. 1, 2011**

(54) **PRODUCTS AND PROCESSES FOR OPERATIONS MANAGEMENT OF CASINO, LEISURE AND HOSPITALITY INDUSTRY**

(75) Inventors: **Mark D. Kessman**, Pound Ridge, NY (US); **Sean P. McCauley**, Danbury, CT (US)

(73) Assignee: **Ameranth, Inc.**, San Diego, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 484 days.

(21) Appl. No.: **12/043,829**

(22) Filed: **Mar. 6, 2008**

(65) **Prior Publication Data**

US 2008/0281666 A1     Nov. 13, 2008

**Related U.S. Application Data**

(62) Division of application No. 10/452,231, filed on May 30, 2003, now Pat. No. 7,431,650.

(60) Provisional application No. 60/384,565, filed on May 30, 2002, provisional application No. 60/429,383, filed on Nov. 25, 2002.

(51) Int. Cl.
     *G06F 19/00*     (2006.01)

(52) U.S. Cl. .......................................... 463/42; 463/16

(58) Field of Classification Search ............. 463/25–42, 463/17–20; 705/14.12, 14.41, 30; 703/1; 701/300; 726/5; 273/236
     See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,926,327 A     5/1990   Sidley

| | | |
|---|---|---|
| 5,586,936 A | 12/1996 | Bennett et al. |
| 5,711,715 A | 1/1998 | Ringo et al. |
| 5,957,776 A | 9/1999 | Hoehne |
| 6,093,100 A | 7/2000 | Singer et al. |
| 6,117,011 A | 9/2000 | Lvov |
| 6,174,237 B1 | 1/2001 | Stephenson |
| 6,267,671 B1 * | 7/2001 | Hogan ...................... 463/25 |
| 6,299,534 B1 | 10/2001 | Breeding et al. |
| 6,382,629 B1 | 5/2002 | Hill |
| 6,582,301 B2 | 6/2003 | Hill |
| 6,672,589 B1 | 1/2004 | Lemke et al. |
| 6,676,517 B2 * | 1/2004 | Beavers ...................... 463/25 |
| 6,729,959 B1 | 5/2004 | Moore et al. |
| 6,767,284 B1 | 7/2004 | Koza |
| 7,018,291 B1 | 3/2006 | Lemke et al. |
| 7,255,642 B2 | 8/2007 | Sines et al. |
| 7,306,516 B2 | 12/2007 | Losilevsky |
| 7,460,863 B2 * | 12/2008 | Steelberg et al. ........... 455/419 |
| 2002/0123377 A1 | 9/2002 | Shulman |
| 2003/0130190 A1 * | 7/2003 | Steelberg et al. ........... 455/456 |
| 2007/0004518 A1 | 1/2007 | Friesen et al. |

\* cited by examiner

*Primary Examiner*—Peter DungBa Vo
*Assistant Examiner*—Masud Ahmed
(74) *Attorney, Agent, or Firm*—Locke Lord Bissell & Liddell LLP

(57)     **ABSTRACT**

In various embodiments of this invention, a suite of customized computer software applications, a linked or wireless computer network and accessory components cooperate to enhance and extend customer and employee resource management in the casino/gaming environment.

**26 Claims, 95 Drawing Sheets**





**FIG. 1**



TableTron offers electronic data efficiency within game, seat, rating, player, report, and system management incorporating a client—server based real—time application. TableTron is fully capable of managing the gateway (front—end) processes of casino venues by using intelligent an application model.

## FIG. 2



FIG. 3



FIG. 4



**FIG. 5**