LOCKE LORD BISSELL & LIDDELL LLP
Brandon J. Witkow (SBN 210443)
bwitkow@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Tel: (213) 485-1500
Fax: (213) 485-1200

LOCKE LORD BISSELL & LIDDELL LLP
John W. Osborne (*Admitted Pro Hac Vice*)
josborne@lockelord.com
Three World Financial Center
New York, New York 10281-2101
Tel: (212) 415-8600
Fax: (212) 303-2754

*Attorneys for Plaintiff & Counter-Defendant*
AMERANTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GENESIS GAMING SOLUTIONS, INC., et al.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-0189-AG (RNBX)<br><br>**ANSWER OF AMERANTH, INC. TO COUNTERCLAIMS (TO SECOND AMENDED COMPLAINT) OF EL DORADO ENTERPRISES, INC.**<br><br>**[DEMAND FOR JURY TRIAL]** |

**ANSWER**

# PLAINTIFF AMERANTH, INC.'S ANSWER TO DEFENDANT EL DORADO ENTERPRISES, INC.'S COUNTERCLAIMS

Plaintiff Ameranth, Inc. ("Ameranth") hereby responds to each of the numbered paragraphs of Defendant El Dorado Enterprises, Inc.'s, dba Hustler Casino ("Hustler") Counterclaims (Docket # 61, "Counterclaims") to Ameranth's Second Amended Complaint (Docket # 33) as follows:

## PARTIES

1. On information and belief, Ameranth admits the allegations in Paragraph 1 of the Counterclaims.

2. Ameranth admits the allegations in Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3. Ameranth admits the allegations in Paragraph 3 of the Counterclaims.

4. Ameranth admits the allegations in Paragraph 4 of the Counterclaims.

## FIRST COUNTERCLAIM

5. Ameranth repeats and incorporates by reference the responses in paragraphs 1 through 4 above as though fully set forth herein.

6. Ameranth denies the allegations in Paragraph 6 of the Counterclaims.

7. Ameranth admits that Hustler seeks a declaratory judgment of noninfringement. Ameranth denies all other allegations of Paragraph 7 of the Counterclaims.

## SECOND COUNTERCLAIM

8. Ameranth repeats and incorporates by reference the responses in paragraphs 1 through 7 above as though fully set forth herein.

9. Ameranth denies the allegations in Paragraph 9 of the Counterclaims.

10. Ameranth admits that Hustler seeks a declaratory judgment of noninfringement. Ameranth denies all other allegations of Paragraph 10 of the Counterclaims.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

### THIRD COUNTERCLAIM

11. Ameranth repeats and incorporates by reference the responses in paragraphs 1 through 10 above as though fully set forth herein.

12. Ameranth denies the allegations in Paragraph 12 of the Counterclaims.

13. Ameranth admits that Hustler seeks a declaratory judgment of invalidity. Ameranth denies all other allegations of Paragraph 13 of the Counterclaims.

### FOURTH COUNTERCLAIM

14. Ameranth repeats and incorporates by reference the responses in paragraphs 1 through 13 above as though fully set forth herein.

15. Ameranth denies the allegations in Paragraph 15 of the Counterclaims.

16. Ameranth admits that Hustler seeks a declaratory judgment of invalidity. Ameranth denies all other allegations of Paragraph 16 of the Counterclaims.

### FIFTH COUNTERCLAIM

17. Ameranth repeats and incorporates by reference the responses in Paragraphs 1 through 16 above as though fully set forth herein.

18. Ameranth denies the allegations in Paragraph 18 of the Counterclaims.

19. Ameranth admits that Keith McNally is one of the founders of Ameranth. Ameranth denies that Mr. McNally is the Chief Executive Officer of Ameranth.

20. Ameranth admits that it has marketed various products since 1999 under its general "21st Century Casino" trademark, defined as "Voice and data communication systems, data processing systems, inventory and cash management systems, security and control systems all comprised of computer hardware, software transmitters and receivers" but Ameranth denies this general trademark term was or is specific to any product or system.

21. Ameranth admits that it has marketed various products since 1999 under its general "21st Century Casino" trademark, defined as "Voice and data communication systems, data processing systems, inventory and cash management systems, security and control systems all comprised of computer hardware, software

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1 transmitters and receivers" but Ameranth denies this general trademark term was or is
2 specific to any product or system.
3      22.    Ameranth admits that it has marketed various products since 1999 under
4 its general "21st Century Casino" trademark, defined as "Voice and data
5 communication systems, data processing systems, inventory and cash management
6 systems, security and control systems all comprised of computer hardware, software
7 transmitters and receivers" but Ameranth denies this general trademark term was or is
8 specific to any product or system.  Ameranth admits that the 1999 brochure is for the
9 1999 concept of a 21st Century Casino product.  Ameranth denies the remaining
10 characterizations of Counterclaim Paragraph 22 regarding the brochure insofar as they
11 imply that the brochure disclosed the claimed features of the '650 patent. All other
12 allegations of Counterclaim Paragraph 22 are vague, ambiguous and/or
13 incomprehensible and thus, being unable to admit or deny such allegations, Ameranth
14 denies same.
15      23.    Ameranth admits the allegation of Counterclaim Paragraph 23 that a
16 declaration by Keith McNally was submitted in U.S. Application Serial No.
17 11/112,990 in an entirely separate patent family.  Ameranth denies the
18 characterizations of Counterclaim Paragraph 23 as regards purported promotion of
19 Ameranth's products.
20      24.    Ameranth denies the allegations of Counterclaim Paragraph 24 to the
21 extent they imply that Ameranth believed or described its 1999 products or concepts
22 were covered by the '650 patent.
23      25.    Ameranth denies the allegations in Paragraph 25 of the Counterclaims.
24 The allegation of non-cumulativeness in Paragraph 25 is conclusory, superficial and
25 contrary to the actual prosecution record of the '650 application including gross
26 mischaracterization of and/or entirely ignoring the prior art which was before and
27 considered by the examiner, both from Ameranth's IDS and the examiner's extensive
28 searches.  Further, the actual facts and prosecution history prove their frivolous

allegations entirely false. The McNally Declaration from an entirely different patent family, to the extent it has any relevance to the '650 patent, was at most cumulative to prior art before the examiner and in no way meets the Federal Circuit's "but for" materiality standard recently announced in the *Therasense* decision. Further, the Federal Circuit's *Therasense* decision was expressly intended to prevent just this kind of baseless allegation of inequitable conduct. The Federal Circuit pointed out in *Therasense* that "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague." Unfortunately, Hustler ignored the Federal Circuit's proscription and perpetuated their baseless allegations. Thus, these allegations are mere litigation-induced defamation concocted by a knowing infringer in a desperate attempt to contrive a defense to its knowing infringement. As such, the allegations of Counterclaim Paragraph 25 provide a basis for a declaration of exceptional case against Hustler and its counsel for litigation misconduct at the conclusion of this case. The allegations of Counterclaim Paragraph 25 were not based on knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, sufficient to show (1) that the allegations of Counterclaim Paragraph 25 were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses, and other legal contentions of Counterclaim Paragraph 25 are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that the factual contentions of Counterclaim Paragraph 25 have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

26. Ameranth admits that the Notice of Allowability included the identified statements. Ameranth denies all other inferences and/or allegations of Paragraph 26 of the Counterclaims.

27. The allegations of Paragraph 27 of the Counterclaims are vague, ambiguous and/or incomprehensible by virtue of Hustler's reference to "these

features" and thus, being unable to admit or deny the allegations of Paragraph 27 of the Counterclaims, Ameranth denies same. To the extent "these features" was meant to refer to the statements identified in Counterclaim Paragraph 26, Ameranth denies all inferences and/or allegations which might be implicated by any such interpretation of "these features."

28. Ameranth denies the allegations in Paragraph 28 of the Counterclaims. The allegations of Paragraph 28 of the Counterclaims were not based on knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, sufficient to show (1) that the allegations of Paragraph 28 were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses, and other legal contentions of Paragraph 28 are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that the factual contentions of Paragraph 28 have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

29. Ameranth denies the allegations in Paragraph 29 of the Counterclaims. The allegations of Paragraph 29 of the Counterclaims were not based on knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, sufficient to show (1) that the allegations of Paragraph 29 were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses, and other legal contentions of Paragraph 29 are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that the factual contentions of Paragraph 29 have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

30. Ameranth denies the allegations in Paragraph 30 of the Counterclaims. The allegations of Paragraph 30 of the Counterclaims were not based on knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, sufficient to show (1) that the allegations of Paragraph 30 were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses, and other legal contentions of Paragraph 30 are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that the factual contentions of Paragraph 30 have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

31. Ameranth denies the allegations in Paragraph 31 of the Counterclaims. The allegations of Paragraph 31 of the Counterclaims were not based on knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, sufficient to show (1) that the allegations of Paragraph 31 were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses, and other legal contentions of Paragraph 31 are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that the factual contentions of Paragraph 31 have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

32. Ameranth admits that Hustler seeks a declaratory judgment of unenforceability. Ameranth denies the remaining allegations of Paragraph 32.

### **FIFTH COUNTERCLAIM**

33. Ameranth repeats and incorporates by reference the responses in paragraphs 1 through 32 above as though fully set forth herein.

34. Ameranth denies the allegations in Paragraph 34 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Ameranth asserts the following defenses to Hustler's Counterclaims:

### First Affirmative Defense

1. The '650 and '909 Patents are valid and enforceable.

### Second Affirmative Defense

2. Hustler has infringed and continues to infringe, either directly or indirectly, the '650 and '909 Patents.

### Third Affirmative Defense

3. Hustler's Counterclaims fail to state a claim against Ameranth upon which relief may be granted.

### Fourth Affirmative Defense

6. Hustler's Counterclaims are barred by fraud in pleading. The allegations of the Counterclaims were not based on knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, sufficient to show (1) that the allegations of the Counterclaims were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) that the claims, defenses, and other legal contentions of the Counterclaims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) that the factual contentions of the Counterclaims have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

### Fifth Affirmative Defense

7. Hustler's Counterclaims are barred by waiver, laches and/or estoppel.

### Sixth Affirmative Defense

10. Ameranth's conduct constituted the lawful exercise of its legal rights, which did not and does not violate any laws or legal rights of Hustler.

### Seventh Affirmative Defense

22. Ameranth reserves the right to add additional defenses or counterclaims that discovery may reveal.

WHEREFORE, Ameranth prays that the Court deny all Hustler seeks in the Counterclaims and grant all relief sought in Ameranth's Second Amended Complaint, along with an award of attorneys fees and costs, pursuant to 35 U.S.C. § 285 and otherwise as allowed under the Patent Act, 35 U.S.C. § 1, et seq., for Ameranth's defense against these Counterclaims.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Local Rule 38-1, Defendant hereby demands a trial by jury.

Dated: July 13, 2011                    Respectfully submitted,

                                        LOCKE LORD BISSELL & LIDDELL LLP

                                        By:  /s/ Brandon J. Witkow
                                              John W. Osborne
                                              Brandon J. Witkow
                                        *Attorneys for Plaintiff & Counter-Defendant*
                                          AMERANTH, INC.