witkowlaw | a professional law corporation
Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:   818.296.9510

OSBORNE LAW LLC
John W. Osborne (*Admitted Pro Hac Vice*)
josborne@osborneipl.com
33 Habitat Lane
Cortlandt Manor, New York 10567
Tel:   (914) 714-5936
Fax:   (914) 734-7333

*[Additional Counsel located at conclusion of document]*

Attorneys for *Plaintiff and Counter-Defendant*
AMERANTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>GENESIS GAMING SOLUTIONS, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-0189-AG (RNBx)<br>[consolidated with 8:13-00720-AG-RNB]<br><br>Honorable Andrew J. Guilford<br><br>**AMERANTH, INC.'S REDACTED OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE OPINION OF DR. MICHAEL I. SHAMOS, PH.D**<br><br>**Hearing**:<br><br>Date:   February 2, 2015<br>Time:   8:30 AM<br>Place:   Courtroom 10<br><br>**THIS DOCUMENT CONTAINS MATERIALS IDENTIFIED AS "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" PURSUANT TO A PROTECTIVE ORDER** |

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ................................................................................................. 1

II. LEGAL ARGUMENT ......................................................................................... 1

    A. Defendants' Complaint About Review Of ITCS Source Code Is Incorrect, Irrelevant And Based On Inapposite Authorities ................. 1

        (a) Dr. Shamos Reviewed ITCS Source Code ................................ 1

        (b) Dr. Shamos Was Not Required To Review ITCS Source Code .......................................................................................... 5

    B. Dr. Shamos's Opinions On Contributory Infringement Satisfy Rule 702 and *Daubert* ....................................................................................... 6

    C. Dr. Shamos's Opinions On The Doctrine of Equivalents Are Proper Under Rule 702 And *Daubert* ..................................................... 8

III. CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
    No. 13-1212 (Fed. Cir. Aug. 1, 2014) ..............................................................6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993)..............................................................................1, 6, 8, 15

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
    449 F.3d 1209 (Fed. Cir. 2006) ........................................................................5

*Mediatek, Inc. v. Freescale Semiconductor, Inc.*,
    No. 11-cv-5341-YGR, 2014 U.S. Dist. LEXIS 85413 (N.D. Cal. June 20,
    2014) ..........................................................................................................11, 12

*Schering Corp. v. Roussel-UC:AFSA,*
    104 F.3d 341 (Fed. Cir. 1997) ..........................................................................7

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ..................................................................... 5-6

*White v. Hitachi, Ltd.*,
    2008 U.S. Dist. LEXIS 25240 (M.D. Tenn. March 20, 2008) ............................7

**FEDERAL STATUTES**

35 U.S.C. 271(c) ....................................................................................................6, 7

**FEDERAL RULES**

Fed. R. Civ. P. 26..................................................................................................14

Fed. R. Civ. P. 26(e) .......................................................................................14, 15

Fed. R. Evid. 702 ..........................................................................................6, 8, 15

# I. INTRODUCTION

Defendants Genesis Gaming Solutions, Inc. ("Genesis") and IT Casino Solutions, LLC ("ITCS") filed a Motion (Dkt. 318) purportedly based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) requesting exclusion of Ameranth's infringement expert's (Dr. Michael I. Shamos, Ph.D) opinions. For the reasons detailed below, Defendants have not provided any basis under *Daubert* or otherwise for the extraordinary relief they request. In fact, Defendants have provided little argument in their Motion that can even be rationally understood, and have provided essentially no substantive detail supporting their arguments.

# II. LEGAL ARGUMENT.

### A. Defendants' Complaint About Review Of ITCS Source Code Is Incorrect, Irrelevant And Based On Inapposite Authorities.

#### (a) Dr. Shamos Reviewed ITCS Source Code

Defendants' allegations regarding Dr. Shamos's alleged failure to review source code for the accused products concisely demonstrates Defendants' inconsistency and over-reaching in this case. On the one hand, ITCS charged Ameranth with violating the Court's Standing Protective Order by providing all of the ITCS source code to Dr. Shamos. (*See* Declaration of Brandon J. Witkow ("Witkow Decl."), Exh. 1). That accusation was absurd and easily refuted. Ameranth never at any time had possession of all of the ITCS source code, and thus could not possibly have done as ITCS alleged. (*Id.*, Exh. 2). However, on the date Defendants' filed their motion to exclude, ITCS's stated extant belief was that Ameranth had provided ***all*** of the ITCS source code to Dr. Shamos. Nonetheless, Defendants filed their Daubert motion on January 9, 2015 alleging that Dr. Shamos had not reviewed unspecified but alleged "pertinent" ITCS source code. (Mot. at 2-5).

Defendants asserted, without basis, that "Dr. Shamos did not and could not have reviewed the source code he states he reviewed" and that "Dr. Shamos fail[ed] to review ***any*** source code for any of the accused products (other than tables in a

1
**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

database) …" (Mot. at 3) (emphasis added).  This assertion is clearly incorrect as shown by Dr. Shamos's deposition testimony.  Defendants cited to only five lines from Dr. Shamos's deposition, ignoring the copious testimony he provided explaining his methodology for analyzing source code and data structures of the accused ITCS product. In deposition, Dr. Shamos first explained his methodology for reviewing portions of source code to form his opinions:

> In paragraph 37 [of the Shamos Expert Report], I mentioned [that] Mitch Cardinal identified source code excerpts for me and I reviewed those source code excerpts and validated that they actually showed what they were intended to show.

(Witkow Decl., Exh. 3 (Shamos Dep. Tr., at p. 7); Declaration of Michael I. Shamos ("Shamos Decl."), at ¶ 13.[1]  Mitch Cardinal is Ameranth's non-testifying expert who performed the review of ITCS's complete source code.  Based on the aforesaid testimony by Dr. Shamos, standing alone, ITCS's allegation and theory is shown to be clearly false.  Dr. Shamos reviewed source code excerpts from the materials listed in the right most column of Exhibit 3 to his Report.[2]   He did not review the entirety of the materials listed in the right most column (column I) of Exhibit 3, but he identified the materials provided by ITCS via printouts following Mr. Cardinal's review of the source code.  (Shamos Decl., ¶ 14).  Exemplary of the identification of source code

---

[1] The full paragraph from Dr. Shamos's Report reads as follows:

> 37. ITCS has made source code available for analysis.  I am informed that Mr. Michel Cardinal was engaged by Plaintiff to perform a source code review.  During that review, Mr. Cardinal identified various source code excerpts that demonstrate that various claim limitations are met.  I have reviewed those code excerpts and have cited in Exhibit 3 to those that I believe to be relevant.

(Witkow Decl., Exh. 4).

[2] In Paragraph 41 of his Report on ITCS Infringement, Dr. Shamos stated with respect to Exhibit 3 to his Report: "Column I contains source code citations for selected claim limitations." (Exh. 4).

2
**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

from which Dr. Shamos reviewed excerpts are the listings from Exhibit 3 to his Expert Report, attached to the Witkow Declaration as Exh. 5.[3]

REDACTED

(Witkow Decl., Exh. 3 (Shamos Dep. Tr., at p. 144-45)). Dr. Shamos thus had the opportunity to review the portions of source code which were selected for print outs and provided by ITCS, and testified and stated in his opinion that he actually reviewed those portions:

> Q   But as far as the source code and everything that's listed in the right most column, you have reviewed?
> A   Yes.

(*Id.*, at p. 163; Shamos Decl., ¶ 15).

> A   Anything that I refer to in the right most column I personally reviewed.

---

[3] Dr. Shamos's Exhibit 3 is an Excel chart having columns A-I and rows 1-474. It is very a large matrix which is not readily reproducible as a hard printout in its entirety. Thus material from the relevant column only, column I, is attached hereto as Exhibit 5 to avoid confusion and avoid presenting the Court with voluminous materials which are not needed to resolve the present Motion. (Shamos Decl., ¶ 17).

3

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

1  (*Id.* at p. 184).  The "right column" referred to by Dr. Shamos was the right most
2  column of Exhibit 3 to his Expert Report, which is an Excel chart showing support for
3  his opinions on a claim by claim basis.  The right most chart includes source code
4  citations.[4]

5   Dr. Shamos further testified as follows:



REDACTED

---
[4]  Q   Okay.  Now, let's move to the column, the right most column of Exhibit 3, your infringement report.  Can you tell me what's described in the right most column, just as a general matter?
   A   You mean the -- I think the label is source code evidence.

(*Id.*, at p. 61).

4

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

> Q   Okay.  Have you had a chance to review all of these folders, source code and projects?
>
> A   Yes.

(*Id.*, at pp. 144-45).

In view of Dr. Shamos's unqualified and extensive testimony and the statements in his Report referring to review of ITCS source code, Defendants' assertion is clearly false and it is not readily apparent how Defendants could have had a good faith basis for making such assertion.

### (b)   Dr. Shamos Was Not Required To Review ITCS Source Code

Even though Dr. Shamos clearly reviewed ITCS source code as detailed above, there is no requirement that an expert review source code to support an opinion on software functionality.  Dr. Shamos's review of source code was for purposes of further confirmation of his understanding of the operation of the ITCS products, and was not the sole basis for his opinions. Moreover, there is no requirement that an expert examine every line of every version of source code.  Source code excerpts demonstrating that various claim limitations are met by the accused product are sufficient. (Shamos Decl. ¶ 16).

Infringement, like any other fact, can be proven through circumstantial evidence, including documentation and exemplary customer installations. As the Federal Circuit has explained, "A patentee may prove direct infringement or inducement of infringement by either direct or circumstantial evidence. There is no requirement that direct evidence be introduced, nor is a jury's preference for circumstantial evidence over direct evidence unreasonable per se." *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1219 -1220 (Fed. Cir. 2006) (jury was entitled to find infringement of all installations, despite missing data regarding certain installations, based on engineering manual and evidence about other installations) (citation omitted); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317,

1326 (Fed. Cir. 2009) ("Direct infringement can be proven by circumstantial evidence.")

Although Defendants take the incorrect position that Ameranth must provide specific ITCS system source code cites for every possible claim limitation, product literature and other such direct and circumstantial evidence describing the ITCS system is sufficient to raise genuine fact issues which must be resolved by the jury and thus may form the basis for an infringement finding. *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 13-1212, pp. 3, 23, 25 (Fed. Cir. Aug. 1, 2014). Moreover, Dr. Shamos provided extraordinary amounts of detail regarding the evidence, technical principles and methodology he relied on in forming his opinions, which is not disputed by Defendants.

The *Mayo v. Elkin, FedEx v. AIC* and *Autotech v. Automationdirect.com* district court cases cited by Defendants are entirely inapposite to the present situation. Those cases involved a determination of substantial similarity for purposes of proving copyright infringement and/or allegations of appropriation of software technology, not infringement of utility patents as in the present case. There were no allegations of patent infringement in any of the three cases. Clearly, determination of patent infringement involving software functionality is not the same as a line by line comparison of code involved in copyright infringement. In any event, Federal Circuit authority as discussed above controls the requirements for proof at trial, and that authority does not require that an expert in a patent case base opinions on source code review as posited by Defendants.

### B. Dr. Shamos's Opinions On Contributory Infringement Satisfy Rule 702 and *Daubert*.

While not readily comprehensible, Defendants' complaint about Dr. Shamos's opinions on contributory infringement appear to be based on a gross misunderstanding of 35 U.S.C. 271(c). Defendants appear to be attempting to convert Commerce Casino's permitted use of certain claims of the asserted patents under license into a

1  "substantial non-infringing use" under Section 271(c).[5] That is ridiculous and
2  wasteful of the Court's and Ameranth's time and resources.

3        Permitted uses under license are non-infringing uses. *See, e.g., White v.*
4  *Hitachi, Ltd.*, 2008 U.S. Dist. LEXIS 25240, at *7 (M.D. Tenn. March 20, 2008) ("It
5  is indisputable that a license is a complete defense to a claim of infringement."), *citing*
6  *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 347 (Fed. Cir. 1997). That is
7  precisely what Dr. Shamos stated at deposition as quoted by Defendants at pages 6-7
8  of their Motion.  Ameranth has licensed numerous casinos to its patents in addition to
9  a limited field of use license to Commerce Casino, *e.g*., Hustler Casino, Normandie
10 Casino and Hawaiian Gardens Casino, all former defendants in the present case. Their
11 present use of the patents under license are not "substantial non-infringing uses" under
12 Section 271(c), they are simply licensed uses which do not constitute infringement.
13 Defendants' apparent argument reduces to the absurd proposition that if a patent
14 owner licenses its patent to only <u>one</u> licensee, thereafter there can be no contributory
15 infringement by anybody because the first license creates a substantial non-infringing
16 use.  That is ridiculous.

17       Also, Dr. Shamos's statement of the law of contributory infringement was
18 precisely consistent with the words of the statute.  Defendants' argument that Dr.
19 Shamos did not apply the correct law of contributory infringement is unexplained and
20 meritless; it is yet another baseless assertion intended to mislead the Court.  Dr.
21 Shamos stated in his Report that contributory infringement requires that the accused
22 component is "not a staple article or commodity of commerce suitable for substantial
23 non-infringing use." (Witkow Decl., Exh. 6, at ¶ 27(c)).  Dr. Shamos's language was

---

[5] Defendants refer only to the Genesis Bravo product in their argument regarding Dr. Shamos's contributory infringement opinions.  Thus no issue has been raised regarding contributory infringement by ITCS.

7

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

taken verbatim from 35 U.S.C. § 271(c).[6] Dr. Shamos's understanding and application of the law of contributory infringement was clearly correct.

Dr. Shamos testified that "If everything related to dealers is taken out of the system then I don't see how I can prove infringement of the dealer related claims and it would be non-infringing. It still wouldn't be a commodity of commerce or staple article, but it wouldn't be infringing." (Mot., Exh. 3 at 99:24-100:4). This was an abundantly clear statement that a system does not infringe a claim if the system does not include elements of the claim, which is an entirely different question from contributory infringement. Defendants' allegation that Dr. Shamos opined that "an action for contributory infringement can be maintained against a product capable of a substantial non-infringing use so long as that product is not a staple of commerce like sugar or copper" (Mot. at 7) is thus an egregiously incorrect characterization of Dr. Shamos's opinions and testimony.

Based on the foregoing, Dr. Shamos's opinions on contributory infringement are proper under Rule 702 and *Daubert*.

C. **Dr. Shamos's Opinions On The Doctrine of Equivalents Are Proper Under Rule 702 And *Daubert*.**

Defendants allege that Dr. Shamos provided "conclusory" opinions regarding infringement under the Doctrine of Equivalents. However, Defendants do not identify even one of those alleged "conclusory" opinions. Defendants assert that the jury should not be "put to sea without guiding charts," (Mot. at 8), but Defendants

---

[6] Moreover, Dr. Shamos stated in his Report:

> According to the AIPLA model jury instructions, a "staple article or commodity of commerce capable of substantial non-infringing use" is something that has uses other than as a part or component of the patented product or use in the patented method, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical. The only use of the Bravo System is to automate the operations of a casino, and such use is infringing.

(*Id.*, at ¶ 67).

8
**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

1 themselves have put the Court out to sea without any guidance as to which opinions
2 Defendants are taking issue with.  The reason Defendants did not provide any
3 specificity in their argument is clear—Dr. Shamos provided detailed opinions of
4 infringement under the Doctrine of Equivalents.

5       First, Dr. Shamos opined that all Accused Products literally infringe the
6 asserted claims.  (*Id.*, at ¶¶ 57-58, Exh. 4, at ¶¶ 43-44).  As to certain, but certainly not
7 all, elements of the asserted claims, Dr. Shamos provided clear Doctrine of
8 Equivalents opinions in his original Reports.  There was nothing conclusory about
9 them.  For example:



REDACTED

(*Id.*, at Exh. 6, at ¶¶ 48-49).

9

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**



REDACTED

(Witkow Decl., Exh. 3, at cell H333; *see also* Shamos Decl., ¶ 17).



REDACTED

(*Id.*, at Exh. 7, at cell G349).



REDACTED

(*Id.*, at Exh. 3 at cell G362, 368, 370, 373).

REDACTED

(*Id.*, at Exh. 3 at cells H372-73).

Exemplary of decisions stating the degree of specificity required to adequately set forth an opinion of infringement under the Doctrine of Equivalents is a decision from the Northern District of California, in which the following opinion was rendered by the expert:

> To the extent that this limitation is found to not be present literally in the i.MX50, MediaTek contends that the differences are insubstantial and the products would infringe under the doctrine of equivalents because ***the AHBMAX performs substantially the same function of performing two address transactions between components*** in substantially the same way to obtain the same result as the inventions of the '753 patent.

*Mediatek, Inc. v. Freescale Semiconductor, Inc*., No. 11-cv-5341-YGR, 2014 U.S. Dist. LEXIS 85413, at *3 (N.D. Cal. June 20, 2014). The Court in *Mediatek* held that "[T]his is 'information sufficient' for Freescale to understand MediaTek's 'theories of

1 **infringement**,' and therefore satisfactory under Patent Local Rule 3-1." *Id.* at *3-4.
2 As is clear from the Doctrine of Equivalents opinions by Dr. Shamos quoted herein,
3 Dr. Shamos's opinions were far more detailed than the opinion in *Mediatek*.
4     Further, opinions on infringement under the Doctrine of Equivalents in Dr.
5 Shamos's declarations supplementing his original Reports are proper support for his
6 testimony regarding same at trial. Dr. Shamos's declarations included, *inter alia*, the
7 following opinions:

8 REDACTED



1 REDACTED



17 (Witkow Decl., Exh. 8, at ¶¶ 19, 36, 44, 45, 46).

18 REDACTED

Case 8:11-cv-00189-AG-RNB   Document 331   Filed 01/16/15   Page 17 of 19   Page ID #:24621



(*Id.*, Exh. 9, at ¶¶ 32, 52).

Dr. Shamos may properly supplement his opinions under Rule 26(e) in light of Defendants' theories of noninfringement put forth on motion for summary judgment and <u>after</u> Dr. Shamos completed his infringement report.[7] Dr. Shamos's declarations submitted in support of Ameranth's oppositions to Defendants various summary judgment motions constitute allowable supplementation under Rule 26(e). Defendants' own actions precipitated those declarations by Dr. Shamos, and Defendants had an abundance of time (over a month) to prepare for and depose Dr.

---

[7] *See* Ameranth's Opposition to Defendants' MIL #3 filed concurrently herewith for a full discussion of the supplementation of expert reports under Fed. R. Civ. P. 26 and applicability to Dr. Shamos's declaration opinions in this case.

14

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**

Shamos regarding the contents of those declarations. Moreover, Dr. Shamos was willing and able to testify on the competency of his Doctrine of Equivalents opinions at deposition. Defendants, however, asked no questions about the substance of any of Dr. Shamos's stated Doctrine of Equivalents opinions. Defendants also had ample time to submit their own expert's declarations in rebuttal to Dr. Shamos's declarations. Defendants have thus shown no prejudice by Dr. Shamos's supplementation of his original Reports.[8]

Dr. Shamos clearly provided numerous detailed, timely, opinions of infringement under the Doctrine of Equivalents, a far cry from Defendants' allegations of "conclusory" opinions. Based on the foregoing, Dr. Shamos's opinions on infringement under the Doctrine of Equivalents are proper under Rule 702 and *Daubert*.

## III. CONCLUSION.

Dr. Shamos's opinions are both proper and reliable.

For all these reasons, all aspects of Defendants' *Daubert* Motion should be denied.

---

[8] *See id.*

| | | |
|---|---|---|
| Dated: January 16, 2015 | | witkowlaw, a professional law corporation |
| | By: | /s/ Brandon J. Witkow |
| | | Brandon J. Witkow |

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

MUNGER TOLLES & OLSON LLP
Ted G. Dane
Peter E. Gratzinger

*Attorneys for Plaintiff & Counter-Defendant*
AMERANTH, INC.

[*Additional Counsel Continued*]

WATTS LAW OFFICES
Ethan M. Watts (SBN: 234441)
emw@ewattslaw.com
12340 El Camino Real, Suite 430
San Diego, California 92130
Tel: (858) 509-0808
Fax: (619) 878-5784

MUNGER TOLLES & OLSON LLP
Ted G. Dane (SBN #143195)
ted.dane@mto.com
Peter E. Gratzinger (SBN #228764)
peter.gratzinger@mto.com
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9513

FABIANO LAW FIRM, P.C.
Michael D. Fabiano (SBN 167058)
mdfabiano@fabianolawfirm.com
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 742-9631

**AMERANTH'S OPPOSITION TO MOTION TO EXCLUDE SHAMOS OPINION**