witkowlaw | a professional law corporation
Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Tel: 818.296.9508
Fax: 818.296.9510

OSBORNE LAW LLC
John W. Osborne (*Admitted Pro Hac Vice)*
josborne@osborneipl.com
33 Habitat Lane
Cortlandt Manor, New York 10567
Tel: (914) 714-5936
Fax: (914) 734-7333

*[Additional Counsel located at conclusion of document]*

Attorneys for *Plaintiff and Counter-Defendant*
AMERANTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AMERANTH, INC., a Delaware corporation,

Plaintiff,

v.

GENESIS GAMING SOLUTIONS, INC., et al.,

Defendants.

AND RELATED COUNTERCLAIMS.

Case No. SACV11-0189-AG (RNBx) [consolidated with 8:13-00720-AG-RNB]

Honorable Andrew J. Guilford

**AMERANTH, INC.'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #3 RE EXCLUSION OF DR. SHAMOS'S INFRINGEMENT OPINIONS FROM PRESENTATION IN AMERANTH'S CASE IN CHIEF**

**Date: February 2, 2015**
**Time: 8:30 A.M.**
**Place: Courtroom 10**

witkowlaw

witkowlaw

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 4
A. Defendants' Argument Is Contrary To Rule 26 .......... 4
B. Dr. Shamos's Declaration Opinions Are Not Beyond The Scope Of His Original Expert Report and Do Not Present New Theories .......... 7
C. Supplementation Of An Expert Report Does Not Require A Separate Report Denominated As Such .......... 8
D. Dr. Shamos's Supplemental Opinions Are Justified And Harmless To Defendants, And Exclusion Would Severely Prejudice Ameranth .......... 10
III. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Becton Dickinson & Co. v. Syntron Bioresearch, Inc.*,
No. 97-cv-1643 K(POR), 1998 U.S. Dist. LEXIS 22082 (S.D. Cal. Dec. 21, 1998) ........ 12

*Cornell Research Found., Inc. v. Hewlett-Packard Co.*,
No. 5:01-cv-1974, 2007 U.S. Dist. LEXIS 89637 (N.D.N.Y. Jan. 31, 2007) ...... 7

*Flowers v. Striplin*,
No. 01-1765, 2003 WL 25683914 (E.D. La. May 22, 2003) ........ 9

*Guzik Technical Enterprises, Inc. v. Western Digital*,
No. 5:11-cv-03786-PSG, 2013 U.S. Dist. LEXIS 171327 (N.D. Cal. Nov. 22, 2013) ........ 6

*Hansen Beverage Co. v. Vital Pharm., Inc.*,
No. 08-cv-1545-IEG (POR), 2010 U.S. Dist. LEXIS 79218 (S.D. Cal. Aug. 3, 2010) ........ 12

*Hess v. Ameristep*,
No. 06-3267, 2008 WL 4936726 (C.D. Ill. Nov. 17, 2008) ........ 9

*In re Sulfuric Acid Antitrust Litig.*,
235 F.R.D. 646 (N.D. Ill. 2006) ........ 9

*Lanyard Toys Ltd. V. Novelty, Inc.*,
No. 08-55795, 375 Fed. Appx. 705 (9th Cir. 2010) ........ 10, 11

*Law v. NCAA*,
185 F.R.D. 324 (D. Kan. 1999) ........ 4

*McCoy v. Whirlpool Corp.*,
214 F.R.D. 646 (D. Kan. 2003) ........ 4

*Mead Johnson & Co. v. Barr Labs.*,
38 F. Supp. 2d 289 (S.D.N.Y. 1999) ........ 13

*Muldrow v. R-Direct, Inc.*,
493 F.3d 160 (D.C. Cir. 2007) ........ 4

i

AMERANTH'S OPPOSITION TO DEFENDANTS' MIL #3 TO EXCLUDE SHAMOS OPINIONS

witkowlaw

*Qualcomm Inc. v. Broadcom Corp.*, No. 05-cv-1958-B (BLM), 2006 U.S. Dist. LEXIS 100608 (S.D. Cal. Dec. 14, 2006) ..... 12

*Thompson v. Doane Pet Care Co.*, 470 F.3d 1201 (6th Cir. 2006) ..... 4

*Transmatic, Inc. v. Gulton Indus., Inc.*, 818 F. Supp. 1052 (E.D. Mich. 1993) ..... 6

**FEDERAL RULES**

Fed. R. Civ. P. 26 ..... passim

Fed. R. Civ. P. 26(a) ..... 9

Fed. R. Civ. P. 26(a)(2) ..... 9

Fed. R. Civ. P. 26(a)(2)(B) ..... 4

Fed. R. Civ. P. 26(e) ..... 5

Fed. R. Civ. P. 26(e)(1)(A) ..... 9

Fed. R. Civ. P. 37(c)(1) ..... 10

Local Rule 16-6 ..... 3

witkowlaw

## I. INTRODUCTION.

Defendants Genesis Gaming Solutions, Inc. ("Genesis") and IT Casino Solutions, LLC ("ITCS") filed a Motion (Doc. No. 315) seeking exclusion of certain opinions of Ameranth's infringement expert (Dr. Shamos). Defendants Motion purports to request exclusion of Dr. Shamos's supplementary opinions contained in declarations provided in Ameranth's opposition to Defendants' summary judgment motions based on an alleged technical violation of the Court's S.P.R. 4.1 and 4.3. Defendants' characterization, however, masks their real motive–which is actually to create a Catch-22 situation to prejudice Ameranth at trial. Defendants first compelled Ameranth, by filing summary judgment motions alleging non-infringement (which included new technical characterizations and opinions relating to non-construed terms), to rebut their newly-contrived non-infringement theories (after their expert rebuttal report on non-infringement was served). After failing in their summary judgment bids, Defendants now seek to win by "default" at trial by asking the Court to preclude Ameranth from presenting at trial the very evidence and facts (presented in Ameranth's opposition briefs) that led the Court to issue the following rulings:

> A ***genuine issue of material fact*** exists concerning whether the Bravo System infringes claim 6.
>
> The Court DENIES the motion for summary judgment on noninfringement of claim 6 of the '650 patent. …
>
> Genesis's arguments are unpersuasive and the evidence relied on by Genesis does not show the absence of a ***genuine issue of material fact***.
>
> The Court DENIES the motion for summary judgment on noninfringement of claim 7 of the '650 patent. …
>
> Genesis contends claim 2 is not infringed because the Bravo System is not integrated. This argument was addressed in Section 2.3.2 and the Court found there was a ***genuine issue of material fact***.
>
> The Court DENIES the motion for summary judgment concerning claim 2 of the '909 patent. …
>
> Genesis makes several arguments, but none persuades the Court of an absence of a ***genuine dispute of material fact***. …

witkowlaw

> After reviewing the admissible evidence, summary judgment is not warranted on the '909 patent.

[Dkt. # 286 at 9, 10-11, 14 (emphasis added); *see also* Dkt. # 285 (denying summary judgment as to all of ITCS's non-infringement arguments based on the existence of multiple genuine issues of material fact)].

Clearly the Court's rulings intend for the jury to decide the issues of material fact, yet Defendants seek to subvert these rulings by blocking Ameranth from even presenting **its** "facts" from its opposition brief against Defendants' purported "facts." Without a presentation of both sides' evidence, the jury's role as the trier of fact is subverted. But that is precisely what grant of Defendants' instant motion would cause. Ameranth would be precluded from presenting its own facts countering Defendants' versions of the facts because Ameranth's technical expert, Dr. Shamos, is the only means available to it at trial to present such evidence in its case in chief. Because the products in suit are proprietary, source code based software applications, **only** the Plaintiff's expert (with the requisite access to these proprietary and/or source code/AEO materials) can opine against Defendants' new non-infringement contentions, since Ameranth's own technical staff is precluded by the Court's Standing Protective Order from even knowing the proprietary operations of the accused systems.

While Ameranth is severely restricted in how it may present evidence at trial, Defendant Genesis has indicated that it will present its head of software development, Eric Schoppe, at trial, and Defendant ITCS has indicated that it will present its CEO, Julian Risnoveanu, at trial. These witnesses have filed numerous alleged "factual" declarations in this case in support of Defendants' summary judgment motions. Their declarations are in fact hybrid fact and opinion declarations and illustrate the method by which Defendants intend to present evidence and argument to the jury (via alleged "fact" witnesses), while seeking to preclude Ameranth having any ability to counter with its own facts and evidence in its case in chief.

witkowlaw

witkowlaw

Moreover, incredibly, Defendants listed many of the Shamos Declarations as trial exhibits in their portion of the Rule 16-6 Trial Exhibit List. [*See* Dkt. # 293-1 at 55 (Defendants' Trial Exhibit No. 680), 58 (Defendants' Trial Exhibit No. 750), 70 (Defendants' Trial Exhibits Nos. 980-82))]. Defendants clearly intend to introduce the Shamos declarations into evidence, but at the same time ask the Court to preclude Dr. Shamos from testifying to their substance. This is highly inconsistent, seeks to obtain a strategic advantage at trial, and should be sufficient alone to compel denial of Defendants' Motion.[1]

Further, through their overly-broad motion, Defendants mischaracterize just what the purpose of an expert report is. Expert reports are required to disclose all of the theories, but not all of the precise evidence, *i.e,* "facts," supporting those theories, to be presented at trial. All of Dr. Shamos's infringement theories were clearly disclosed in his original Report. He should not be restricted from opining on alleged new "facts," non-infringement theories or argument at trial simply because such things may not have been cited to and opined on with specificity in the original Report of Dr. Shamos, particularly in light of the fact that Defendants have been made well aware of Dr. Shamos's opinions and have had unfettered opportunity to depose him thereon, in fact both Genesis and ITCS did so. (Declaration of Michael I. Shamos, Ph.D ("Shamos Decl."), ¶ 16).

For the reasons detailed below, Defendants have not provided any basis under applicable authorities for the extraordinary prejudice to Ameranth that they request. After both Ameranth's and the Defendants infringement expert reports were finalized, Defendants filed multiple summary judgment motions alleging previously undisclosed non-infringement theories, all of which were rejected by the Court as concerns the

[1] This is nearly the identical inconsistency shown by Defendants in their MIL #1, *i.e*., seeking to preclude Ameranth from relying on the Commerce evidence for its case, while intending to do so for theirs.

claims which will be asserted at trial, but now Defendants ask the Court to allow them to present their new theories to the jury while disallowing Ameranth the opportunity to provide the jury with Ameranth's expert's contrary facts and evidence. Thus, Defendants' self-serving argument is counter to any rational approach to a fair trial, contorts the purpose of the Court's S.P.R.s, would contradict the intent and substance of the Court's own MSJ rulings and is explicitly rejected by Fed. R. Civ. P. 26 as shown below.

## II. LEGAL ARGUMENT.

### A. Defendants' Argument Is Contrary To Rule 26.

Defendants ask the Court for a blanket exclusion of alleged new opinions provided in Dr. Shamos's declarations in support of Ameranth's oppositions to Defendants' summary judgment motions. But what they really seek is also an exclusion of any evidence, *i.e.*, any facts, contained in his declarations. However, an expert is entitled to address the available evidence, including the other side's characterization of it, as long as the testimony is consistent with the infringement theories in a Fed. R. Civ. P. 26 report. Rule 26(a)(2)(B) "'does not limit an expert's testimony simply to reading his report. . . . ***The rule contemplates that the expert will supplement, elaborate upon***, [***and***] ***explain*** . . . ***his report***' ***in his oral testimony***." *Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007) (emphasis added) (quoting *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201, 1203 (6th Cir. 2006)); *see also McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D. Kan. 2003) (Rule 26 "does not require that a report recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of the expert opinion under Daubert").[2]

---

[2] *See Law v. NCAA*, 185 F.R.D. 324, 328-29 (D. Kan. 1999) (Testimony allowable where not inconsistent with expert report and pre-trial testimony).

witkowlaw

Moreover, Fed. R. Civ. P. 26 provides the ability to supplement disclosures, including expert disclosures, where the supplementation was not previously possible:

> (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
>
> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—***must*** ***supplement or correct*** its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and ***if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing***

Fed. R. Civ. P. 26(e) (emphasis added). In fact, the language is mandatory ("must supplement or correct").

Dr. Shamos recognized that his Reports[3] could not have contemplated the precise contours and characterizations of the entirely new arguments made by Defendants (Shamos Decl. ¶13) (all of which arguments as regards the claims to be asserted at trial were in fact rejected by the Court). These new arguments, of course, purposefully focused on areas of Dr. Shamos's original Report where the Defendants concluded they could present new theories of their own in later filed MSJ's, putting forth their interpretations of non-construed claim terms, which of course Dr. Shamos could not have dealt with in every detail in his original Report.[4] He thus

[3] The bases for Dr. Shamos's declaration opinions were contained within Dr. Shamos's original Reports (*e.g.*, Shamos Report on Genesis Infringement (Exh. 6 to Declaration of Brandon J. Witkow ("Witkow Decl.")) and Shamos Report on ITCS Infringement (*Id.*, Exh. 7)) and the declaration opinions were consistent with the opinions in the original Report (Shamos Decl. ¶14), and Defendants have not made the required showing otherwise as discussed below.

[4] For example, one of the many new theories put forth by Defendants in their MSJ motions was related to the "seating" and "prioritization" terms in '650 claims 6 and 7. Defendant Genesis alleged "[w]hile the Poker Waiting List, when displayed at a casino, arguably constitutes a public display of information, Ameranth does not point to any "seating" or "prioritization" information being displayed." Dkt. # 206 at 19. However, Dr. Shamos clearly addressed the relevant claim terms in his

witkowlaw

supplemented his Reports to respond to the newly-obtained information, newly-proposed claim constructions and new non- infringement theories of the Defendants with facts and evidence supporting his original opinions, not new theories or opinions.

Courts routinely reject requests to exclude supplemental opinions where they were necessitated by the moving party's late disclosures and the party urging exclusion has the opportunity to depose the expert offering the supplemental opinion. *See, e.g., Guzik Technical Enterprises, Inc. v. Western Digital*, No. 5:11-cv-03786-PSG, 2013 U.S. Dist. LEXIS 171327, at *12 (N.D. Cal. Nov. 22, 2013) (court allowed supplementation where amended infringement contentions necessitated supplemental invalidity opinions, and required that the expert undergo additional deposition on the supplemental report). *Guzik v. Western Digital* is precisely on point to the factual situation in the present case. Defendants filed summary judgment motions disclosing non-infringement positions for the first time after Dr. Shamos filed his original Report on September 26, 2014. Dr. Shamos clearly had no opportunity to address the particular characterizations of the infringement issues as raised by Defendants' summary judgment motions before those motions were filed. *See also Transmatic, Inc. v. Gulton Indus., Inc.*, 818 F. Supp. 1052, 1060 (E.D. Mich. 1993):

> The Court denies the motion that seeks to limit the subject matter about which Mr. McDermott and Mr. Irion will testify, because, as mentioned above, Plaintiff deposed these witnesses and now knows the substance of their testimony.

original Report by pointing to specific evidence of infringement. (Shamos Report on Genesis Infringement, Exhibit 3 cells G84-88 & H84-85 (Witkow Decl., Exh. 1)). His declaration opinions on these terms are entirely consistent with and supportive of the opinions contained in his original Report. (*See* Shamos Dec. ¶ 15; Shamos Declaration in Support of Opposition to Genesis MSJ of Non-infringement of '650 & '909 Patents, ¶¶24-26 (Witkow Decl., Exh. 2). This is true for all of Dr. Shamos's declaration opinions, and Defendants Motion failed to show otherwise. (Shamos Dec. ¶¶ 14-15).

witkowlaw

Defendants have deposed Dr. Shamos for two full days and had the opportunity to ask him whatever they wished regarding his declaration opinions. (Shamos Decl. ¶ 16).

**B. Dr. Shamos's Declaration Opinions Are Not Beyond The Scope Of His Original Expert Report and Do Not Present New Theories**

Dr. Shamos's declaration opinions did not interject new theories into his original opinions (Shamos Decl. ¶¶ 14-15), and Defendants have made no non-conclusory argument that they have. In such circumstances, and where the declarant is subject to deposition on the declaration opinions, exclusion is improper:

> Dr. Smith's declarations do not interject new materials or theories that were not disclosed in his comprehensive reports in this matter, and fully aired during his two day deposition. … Dr. Smith seeks only to point out that his report does in fact address the bases for plaintiffs' contention that if literal infringement was not proven, then infringement under the doctrine of equivalents has occurred, and to explain why, in the body of his analysis, he did not make specific reference to the function-way-result test for determining equivalence. Similarly, Dr. Smith's invalidity declaration reiterates information and opinions set forth in meticulous detail in his expert reports, again explaining the need for flexibility in Dr. Torng's invention to accommodate the various potential environments in which it might operate and the types of dependencies it could be called upon to track. These are matters which are neither new nor at odds with the expert's reports and deposition testimony.

*Cornell Research Found., Inc. v. Hewlett-Packard Co.*, No. 5:01-cv-1974 (NAM/DEP), 2007 U.S. Dist. LEXIS 89637, at *63-64 (N.D.N.Y. Jan. 31, 2007). (supplementation or rebuttal is appropriate where an expert's subsequent declaration comports with the "general scheme" of the expert's original report). Defendants have made no explicit argument that any part of Dr. Shamos's declarations do not comport with the opinions in his original Report and thus there is no basis under Rule 26 on which to exclude Dr. Shamos's declaration opinions.

witkowlaw

Defendants argued only that certain Doctrine of Equivalents opinions were not expressed in the original Report and that, although Dr. Shamos pointed to stored procedures in his original Report, he purportedly offered no analysis as to how a stored procedure was an application software program. (Mot. at 6-7). But Defendants did not attempt to explain how Dr. Shamos's subsequent Doctrine of Equivalents opinions are inconsistent or do not comport with the original Report, nor do Defendants attempt to explain how Dr. Shamos's declaration statements regarding stored procedures did not comport with or were inconsistent with his original Report. There are no other arguments in Defendants' Motion regarding the substance of Dr. Shamos's declaration opinions beyond a listing of paragraphs in ECF Doc. No. 229. (Mot. at 6). Defendants' string citation does not make any statement as to what in the cited paragraphs is outside the scope of Dr. Shamos's original Report. Defendants' vague and conclusory attempt to exclude all opinions based simply on alleged lateness thus fails for a lack of specificity as regards the alleged newness or inconsistency of the declaration opinions vis-à-vis the opinions contained in the original Report. Moreover, Dr. Shamos's declaration opinions are within the scope of his original Report. (Shamos Decl. ¶¶ 14-15).

### C. Supplementation Of An Expert Report Does Not Require A Separate Report Denominated As Such.

If supplemental information is provided by a party in writing or orally at deposition, earlier disclosures are deemed supplemented under Rule 26:

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, ***no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.***

*See* Fed. R. Civ. P. 26 advisory committee notes 1993 (emphasis added).

Dr. Shamos provided his declarations in support of Ameranth's oppositions to Defendants' summary judgment motions, and thus they were "made known to the parties in writing." Moreover, his declarations explicitly stated that they incorporated his original Reports by reference and were thus supplements to his original Report. (Shamos Declaration In Opposition To Genesis MSJ of Non-infringement of '650 & '909 Patents ¶11 (Witkow Decl., Exh. 2); Shamos Declaration In Opposition To ITCS MSJ of Non-infringement ¶11 (*Id.*, Exh. 3)). Dr. Shamos also referenced and adopted the opinions in his declarations at his depositions, and Ameranth counsel advised that Dr. Shamos would potentially rely on his declarations to support his trial testimony, and thus "during a deposition correct[ed] information contained in an earlier report." (Shamos Dep. Tr. (Genesis) (rough draft 1-7-15) 11-12, 82 (*Id.*, Exh. 4); Shamos Dep. Tr. (ITCS) (rough draft 1-8-15) 4, 48-49, 64, 143, 195 (*Id.*, Exh. 5)).[5] There is thus no obligation under Rule 26 to provide a separate supplemental report.

However, should the Court determine that a separate supplemental report denominated as such is necessary, or that leave to incorporate Dr. Shamos's declarations into his original Report as supplementary material is required, Ameranth hereby requests such leave to amend or supplement. Ameranth's request for leave to amend or supplement, to the extent even deemed necessary, is timely and made without delay. Dr. Shamos's declarations were all filed recently due to new positions and information disclosed by Defendants in their summary judgment motions.

[5] Expert testimony is allowed where the opinions set forth in the expert report are either supplemented and/or expanded upon at deposition to address the proposed testimony. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 659-60 (N.D. Ill. 2006); *Hess v. Ameristep*, No. 06-3267, 2008 WL 4936726, at *3, 2008 U.S. Dist. LEXIS 93895, at *7 (C.D. Ill. Nov. 17, 2008) ("Ordinarily, the lack of a supplemental report would not violate Rule 26(a) or 26(e) because [plaintiff's expert's] supplemental opinions were made known to the Defendant through [plaintiff's] second deposition.") (citing Fed. R. Civ. P. 26(e)(1)(A); *Flowers v. Striplin*, No. 01-1765, 2003 WL 25683914, at *1 (E.D. La. May 22, 2003) ("[The Court] will not permit any expert witness to state any opinion or testify about any matter that was not either contained in a Rule 26(a)(2) report *or elicited at the witness' deposition*" (emphasis added)).

witkowlaw

Moreover, Ameranth has been aware that the Court has faced a deluge of motions by Defendants in this case, and thus Ameranth refrained from filing motions during the period when the Court was dealing with Defendants' motions.[6] Moreover, Dr. Shamos's depositions were only completed last week, one day before Defendants filed the present Motion. A request to supplement Dr. Shamos's opinions and testimony is thus timely because it comes immediately after completion of discovery into Dr. Shamos's opinions. Ameranth is thus diligent.

### D. Dr. Shamos's Supplemental Opinions Are Justified And Harmless To Defendants, And Exclusion Would Severely Prejudice Ameranth.

Although the 1993 amendments to the Federal Rules of Civil Procedure were intended to foster adherence to discovery requirements, they do not preclude a court the discretion to allow supplementation of expert reports in appropriate circumstances:

> *Rule 37(c)(1)* did not, however, strip the district courts of discretion to allow expert testimony in appropriate circumstances; to the contrary, it contains an express exception under which a failure timely to serve an expert report may be excused if the failure was substantially justified or is harmless.

*Lanyard Toys Ltd. v. Novelty, Inc.*, No. 08-55795, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

---

[6] Defendants' proposition that Ameranth should have requested leave of the Court before filing Dr. Shamos's declarations in support of oppositions to summary judgment motions was untenable under the circumstances. First, Ameranth was in the midst of responding to summary judgment motions, and there was thus no time to obtain prior approval to file the declarations. Further, to the extent Defendants are arguing that Ameranth should have requested leave after the summary judgment oppositions were filed or decided, the Court expressed its dissatisfaction at the December 22, 2014 Hearing with the large number of summary judgment motions filed by Defendants and the enormous amount of paper generated by and as a result of those motions. The Court also expressed its view that motions in limine should not be filed absent very precise and detailed explanation for the bases therefore. Ameranth understands and respects the Court's workload constraints and as a result did not and does not believe, in light of the authorities and arguments herein, that yet another motion was appropriate as regards supplementation of Dr. Shamos's expert Report via his declarations submitted in response to summary judgment motions.

witkowlaw

> Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.

*Id.*

> Appellants, for their part, made no effort whatsoever to depose Marylander, even though they continued to use the ongoing discovery process to compel production of other evidence with which they would attempt to impeach him at trial. ***Not only was Marylander's anticipated testimony not a "surprise" to appellants, they were obviously able to take steps they thought necessary to contend with his testimony at trial. In these circumstances, we conclude the district court did not abuse its discretion or otherwise err by allowing Marylander to testify at trial.***

*Id.* (emphasis added).

Clearly, under the Ninth Circuit's *Lanyard* standard, Defendants were not surprised by Dr. Shamos's declaration opinions because they had seen the crux of them before in his original Report (Shamos Decl. ¶ 14), they made non-infringement arguments in their summary judgment motions which precipitated the declarations, and they have taken steps they thought necessary to contend with Dr. Shamos's testimony at trial including, *inter alia*, filing summary judgment reply briefs taking issue with Dr. Shamos's opinions and having the opportunity to depose him on those opinions.

Dr. Shamos's declarations incorporated by reference his respective original Reports and were thus clearly characterized as supplementation of his Expert Reports. (Shamos Declaration In Opposition To Genesis MSJ of Non-infringement of '650 & '909 Patents ¶ 11 (Witkow Decl., Exh. 2); Shamos Declaration In Opposition to ITCS MSJ of Non-Infringement ¶11 (*Id.*, Exh. 3). Thus they were properly and timely disclosed as soon as Ameranth and Dr. Shamos became aware of Defendants' positions which Dr. Shamos believed necessitated the declaration opinions. There could have been no surprise on the part of Defendants. Had they not put forth their

witkowlaw

new theories in summary judgment motions, Dr. Shamos would not have filed the declarations. Moreover, Defendants had the opportunity to counter Dr. Shamos's opinions with their own experts' opinions and to depose Dr. Shamos on his opinions. They chose not to file any responsive opinions (which decision cannot be allowed to work a prejudice on Ameranth), but both Genesis and ITCS deposed Dr. Shamos and had full opportunity to question him on his declaration opinions, and there has been no accusation that Dr. Shamos refused to answer questions regarding those opinions. *See Hansen Beverage Co. v. Vital Pharm., Inc.*, No. 08-cv-1545-IEG (POR), 2010 U.S. Dist. LEXIS 79218, at *6 (S.D. Cal. Aug. 3, 2010) (formal expert report was not even required "[b]ecause VPX was aware of Sack's opinions and questioned him about these opinions at his deposition, Hansen's failure to provide an expert report disclosing these opinions was harmless."); *see also Becton Dickinson & Co. v. Syntron Bioresearch, Inc.*, No. 97-cv-1643 K (POR), 1998 U.S. Dist. LEXIS 22082, at *54-55 (S.D. Cal Dec. 21, 1998):

> Syntron will have significant time to formulate arguments, and depose expert witnesses, prior to trial. Syntron has not demonstrated significant prejudice, nor has it demonstrated significant surprise. Given the facts in this matter, the court finds that the extraordinary measure of precluding Becton Dickinson's argument is not warranted..

*See also Qualcomm Inc. v. Broadcom Corp.*, No. 05-cv-1958-B (BLM), 2006 U.S. Dist. LEXIS 100608, at *16 (S.D. Cal. Dec. 14, 2006):

> [T]he Court finds that the record belies Broadcom's claims of severe prejudice. First, to the extent that the Supplemental Report espouses theories of infringement previously undisclosed to Broadcom in any formal pleading, the Court considers it unlikely, after months of intensive discovery and the disclosure of Dr. Richardson's lengthy Opening Report, that Broadcom has no knowledge or understanding of the nature and specifics of Qualcomm's infringement theories. Second, when presented with the opportunity to re-depose Dr. Richardson on the subject of his Supplemental Report, Broadcom chose not to do so …

Here, Dr. Shamos's supplemental opinions were clearly disclosed in formal pleadings, *i.e.*, the declarations submitted with Ameranth's oppositions to Defendants'

witkowlaw

summary judgment motions. Further, both Genesis and ITCS deposed Dr. Shamos for two full days and had ample opportunity to question him on his declaration opinions. (Shamos Decl. ¶ 16). There is thus even less basis for prejudice than was present in *Qualcomm v. Broadcom*.

Neither Rule 26 nor the Court's SPRs should allow hiding of the ball until after an expert files his report, disclosing previously undisclosed noninfringement theories, and then attempting to preclude an expert's testimony and facts for failing to anticipate the new theories.[7] Defendants are attempting to position themselves to put in testimony that their products do not infringe on particular bases (which were rejected by the Court on motions for summary judgment), but at the same time preclude Ameranth from even responding via its expert, its **only** means to respond, to those alleged non-infringement bases. That would not result in a trial on the merits. Rather, it would reward gamesmanship and it would circumvent the Court's own rulings that the infringement determinations resolving the disputed facts is to be made by the trier of fact, the jury. Without presentation of both sides' view of the facts, the jury's role would be subverted.

## III. CONCLUSION.

For all of the above reasons, all aspects of Defendants' MIL #3 should be denied.

---

[7] Ameranth will have the burden of proving infringement at trial, but that does not preclude Ameranth from having the opportunity to, at a minimum, rebut any arguments or testimony regarding defenses of Defendant. *See, e.g.*, *Mead Johnson & Co. v. Barr Labs.*, 38 F. Supp. 2d 289, 297 (S.D.N.Y. 1999) ("[defendant] properly elicited testimony . . . in rebuttal to the assertions of plaintiff's counsel, which [defendant] did not anticipate at the time of its expert's report and deposition"). While it makes more sense, from the perspective of logical conduct of the trial, for Ameranth's infringement expert to testify as to the full scope of his infringement opinions on direct examination, there is no authority for precluding rebuttal testimony under any interpretation of Rule 26 or the Court's SPRs. Moreover, Defendants have asked the Court only for a decision as to presentation of Dr. Shamos's declaration opinions in Ameranth's case in chief.

witkowlaw

Dated: January 16, 2015

witkowlaw, a professional law corporation

By: /s/ Brandon J. Witkow
Brandon J. Witkow

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

MUNGER TOLLES & OLSON LLP
Ted G. Dane
Peter E. Gratzinger

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

*Attorneys for Plaintiff & Counter-Defendant*
AMERANTH, INC.

[*Additional Counsel Continued*]

WATTS LAW OFFICES
Ethan M. Watts (SBN: 234441)
emw@ewattslaw.com
12340 El Camino Real, Suite 430
San Diego, California 92130
Tel: (858) 509-0808
Fax: (619) 878-5784

MUNGER TOLLES & OLSON LLP
Ted G. Dane (SBN #143195)
ted.dane@mto.com
Peter E. Gratzinger (SBN #228764)
peter.gratzinger@mto.com
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9513

FABIANO LAW FIRM, P.C.
Michael D. Fabiano (SBN 167058)
mdfabiano@fabianolawfirm.com
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 742-9631

witkowlaw