DAVID B. ABEL (Bar No. 156744)
davidabel@abelpatentlaw.com
**LAW OFFICE OF DAVID B. ABEL**
111 N. Sepulveda, Suite 250
Manhattan Beach, CA 90266
Tel: 310.937.1590
Attorneys for Defendants
**Genesis Gaming Products, Inc.**,
**California Commerce Club, Inc.**

Daphne L. Burton
**Burton IP Law Group**
2029 Century Park East,
Suite 400N
Los Angeles, CA 90067
Tel: (310) 867-2754
Fax: (310) 943-1470

Attorneys for Defendant
**IT Casino Solutions, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GENESIS GAMING SOLUTIONS, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case Nos.<br>SA 11-cv-0189 AG (RMBx)<br>SA 8:13-00720-AG-(RNBx)<br><br>**DEFENDANTS' OPPOSITION TO AMERANTH'S MOTION IN LIMINE #1(C) TO EXCLUDE CERTAIN OPINIONS OF WILLIAM C. EASTTOM**<br><br>Judge: Hon. Andrew J. Guilford<br>Pre-Trial Date: Feb. 2, 2015<br>Time: 8:30 a.m.<br>Place: Courtroom 10(D)<br><br>Trial Date: Feb. 10, 2015 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................1
II. LEGAL STANDARD ............................................................................2
III. ARGUMENT .........................................................................................3
    1. Mr. Easttom Followed This Court's Claim Construction..........................3
    2. Mr. Easttom Used Correct Legal Standard for Anticipation ....................4
    3. No Error in Mr. Easttom's Obviousness Combinations ..........................5
    4. No Error in References Mr. Easttom Relied On .......................................7
    5. Mr. Easttom Did Not Ignore Secondary Factors ......................................8
IV. CONCLUSION ......................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Crocs, Int'l v. Int'l Trade Comm'n*
   598 F.3d 1294 (Fed. Cir. 2010) ............................................................................. 9

*Daubert v. Merrell Dow Pharms., Inc.*
   509 U.S. 579 (1993) ....................................................................................... 1, 2, 3

*Estate of Barabin v. AstenJohnson, Inc.*
   740 F.3d 457 (9th Cir. 2014) .................................................................................. 3

*John E. Thropp's Sons Co. v. Seiberling*
   264 U.S. 20 (1924) .................................................................................................. 9

*KSR Int'l Co. v. Teleflex Inc.*
   550 U.S. 398 (2007) ............................................................................................ 6, 9

*Kumho Tire Co. v. Carmichael*
   526 U.S. 137 (1999) ............................................................................................ 2, 3

*Micro Chemical, Inc. v. Lextron, Inc.*
   317 F.3d 1387 (Fed. Cir. 2003) ...................................................................... 4, 5, 7

*Mixed Chicks, LLC v. Sally Beauty Supply, LLC*
   879 F. Supp. 2d 1093 (C.D. Cal. 2012) ................................................................. 1

*Primiano v. Cook*
   598 F.3d 558 (9th Cir. 2010) ....................................................................... 3, 4, 5, 7

*TQP Dev., LLC v. Merrill Lynch & Co.*
   2012 U.S. Dist. LEXIS 112803 (E.D. Tex. Aug. 10, 2012) ................................. 9

**FEDERAL STATUTES**

35 U.S.C. § 103 .............................................................................................................. 7

**OTHER AUTHORITIES**

FED R. EVID. 702 ............................................................................................................ 2

## OPPOSITION TO AMERANTH'S MIL #1(c)

Defendants Genesis Gaming Solutions, Inc.'s ("Genesis") and IT Casino Solutions, LLC ("ITCS") (collectively, "Defendants") file this response in opposition to Ameranth, Inc.'s ("Ameranth") Motion in Limine #1(c) [ECF Dkt. 312] to Exclude Certain Opinions of William C. Easttom on Invalidity of the Patents-at-Issue. Mr. Easttom's testimony and opinions concerning invalidity of the Patents-at-Issue are both relevant and reliable and meet the standards of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Accordingly, Ameranth's Motion to Exclude should be denied.

This Court's Order of ECF Doc. No. 283 dated December 23, 2014, as well as the instructions provided at the hearing on various summary judgment motions, required that the parties consider and address the *Mixed Chicks* factors in connection with the filing of all Motions in *limine*. In *Mixed Chicks*, this Court identified factors pursuant to which Motions in *limine* are 'proper,' and factors pursuant to which Motions in limine are 'improper.' *See Mixed Chicks, LLC v. Sally Beauty Supply, LLC*, 879 F. Supp. 2d 1093 (C.D. Cal. 2012). Defendants contend that Ameranth's MIL # 1(a) has been filed for the improper reason of attempting to resolve issues prematurely before they are viewed in the context of trial. *Id.* (*Mixed Chick* Factor (G)).

## I. INTRODUCTION

Ameranth seeks to exclude Mr. Easttom's testimony and opinions concerning the invalidity of the patents being asserted by Ameranth. Under a correct *Daubert* analysis, Mr. Easttom's testimony should not be excluded. In evaluating the admissibility of expert testimony, the district court must determine whether the

proffered testimony is: (1) relevant to the issues in the case; and (2) based on a reliable foundation. FED R. EVID. 702; *Daubert*, 509 U.S. at 589. Mr. Easttom's expert opinion is both relevant to the issues in the case and is based upon a reliable foundation.

Ameranth's chief accusations are that Mr. Easttom ignored this Court's claim construction Order [ECF Dkt. 164] (the "Claim Construction Order") and that Mr. Easttom's invalidity opinions are based on an incorrect legal standard. To make these arguments, Ameranth misconstrues—or outright ignores—what Mr. Easttom actually states in his Expert Report. For at least the reasons discussed herein, Ameranth's Motion to Exclude Mr. Easttom's invalidity opinions should be denied.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 provides that an expert may give opinion testimony if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue" and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591-92; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-58 (1999). When considering expert testimony offered pursuant to Federal Rule of Evidence 702, the trial court acts as a "gatekeeper" by assessing the soundness of the expert's methodology to exclude junk science. *Estate of Barabin v. AstenJohnson, Inc.,* 740 F.3d 457, 463 (9th Cir. 2014).

In order for expert testimony to be considered *relevant*, it must satisfy the "fit" requirement or be "sufficiently tied to the facts of a case so that it may aid the jury in resolving a factual dispute." *Daubert,* 509 U.S. at 591 (quoting *United States v.*

*Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985)). Similarly, proposed expert testimony must be supported by appropriate validation—*i.e.*, "good grounds" or foundation, in order to establish a standard of evidentiary reliability. *Daubert*, 509 U.S. at 590. When the factual basis, data, principles, or methods underlying expert testimony are called into question, the court must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline. *Kumho Tire*, 526 U.S. at 149. However, the inquiry into admissibility of expert opinion is a "flexible one," where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

### III. ARGUMENT

### 1. *Mr. Easttom Followed This Court's Claim Construction*

Ameranth asserts that "Mr. Easttom in many instances does not apply the Court's claim constructions." *See* Mot. at 3. As support, Ameranth then points out that Mr. Easttom's list of claims construed by the Court did not include the seven terms whose construction the parties agreed upon as evidence that Mr. Easttom ignored those terms. *Id.* However, Mr. Easttom's report makes it clear that he was only listing the *disputed* terms that the Court construed. *See* Ex. 1, Expert Report at ¶14 ("Based upon the claim construction briefs and the requirement to limit the number of <u>disputed terms</u>, <u>the court has provided</u> both its analysis of the proper process for the claim construction and the construction of several of the terms used in the patents in suit. The following definitions, <u>provided by the court</u>, are the definitions I used in my analysis of the prior art." (emphasis added)). In no way does Mr. Easttom's listing of the disputed terms and their constructions somehow mean

that he excluded the agreed-upon terms from his analysis. In addition, Ameranth fails to point to any opinions of Mr. Easttom that contradict any of the court's constructions or the agreed-upon constructions. Rather, the only evidence provided to support its position is an assertion that, in Ameranth's attorney's opinion, three prior art patents cited to by Mr. Easttom as anticipating the patents-in-suit "do not relate to or mention poker." *See* Mot. at 3. For example, Ameranth states that the Beavers patent (U.S. Patent No. 6,676,517, entitled "System and Method of Data Handling for Table Games") does not relate to or mention poker. *Id.* However, the patent clearly relates to table games, stating that "[o]ne important technical advantage of the present invention is a table game system that allows the complex transactions occurring at table games, such as blackjack, roulette, and craps, to be monitored and stored." Beavers at 3:15-20. Ameranth makes the same argument with respect to the Britt patent (U.S. Pat. No. 7,303,475, entitled "Entertainment Monitoring System and Method"). *See* Mot. at 3. However, this patent also clearly contemplates card games, as it specifically calls out its usefulness for table games. Britt, Abstract.

Ameranth's argument that Mr. Easttom ignored the Court's claim constructions is merely a disagreement with Mr. Easttom as to what the prior art discloses and not a valid basis to exclude an expert. *See Primiano v. Cook*, 598 F.3d at 564; *see also Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003).

    2.    <u>Mr. Easttom Used Correct Legal Standard for Anticipation</u>

Ameranth argues that Mr. Easttom's opinions on anticipation must be excluded because, according to Ameranth, he co-mingles multiple references in making arguments of anticipation. Mot. at 3. Again, Ameranth fails to provide any instances where Mr. Easttom used a combination of references to make an anticipation

argument. Rather, a review of Mr. Easttom's report reveals that Mr. Easttom first opines that a single reference discloses all the limitations of the claim being reviewed, then follows is up with a statement that, in addition, the claim or claim element is also obviated by that reference in combination with another reference. *Compare* Ex. 1, Expert Report at ¶426 ("Boyd discloses these claim limitations.") *with* ¶427 ("Furthermore it would have been obvious to one of ordinary skill in the art to combine Boyd with Beavers to provide synchronization of databases.").

   3.   *No Error in Mr. Easttom's Obviousness Combinations*

Ameranth argues that Mr. Easttom committed legal error by failing to analyze the claims as a whole, not identifying reasons or motivation for combining references, and for citing to references that, according to Ameranth, do not qualify as prior art. Mot. at 4-5.

As to the first item, Mr. Easttom considered all of the claim limitations when making his rejections and, therefore, the claims were interpreted and analyzed as a whole. The only evidence Ameranth points to as supposedly showing a deficiency on this point in Mr. Easttom's report is that the Boyd reference (U.S. Pat. Pub. No. 2003/0070178, entitled "Poker Tournament System") relied on by Mr. Easttom on in one of his obviousness rejections is for an online gaming tournament and therefore, according to Ameranth, fails to disclose any involvement of human employees. Mot. at 4. Again, Ameranth's disagreement with Mr. Easttom as to the scope of what Boyd discloses is not a valid basis to exclude an expert. *See Primiano v. Cook*, 598 F.3d at 564; *see also Micro Chemical*, 317 F.3d at 1392.

As to the second item, Mr. Easttom's report is replete with motivations to combine. Rather than acknowledging this, Ameranth points to a single paragraph in

which Mr. Easttom sets forth one of the many ways in which obviousness can be shown. Mot. at 5. Even worse for Ameranth's argument is that the quote they pull from Mr. Easttom's report as supposedly showing that he applied the wrong legal standard is taken directly from the very same U.S. Supreme Court case they allege he runs afoul of. *Id.* Paragraph forty eight of Mr. Easttom's report says:

> I understand that another factor to be considered is common sense. For example, I understand that common sense teaches that familiar items may have obvious uses beyond their primary purposes, and, in many cases, a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle.

Ex. 1, Expert Report ¶48

By comparison, the U.S. Supreme Court says:

> Common sense teaches, however, that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007).

It is hard to understand how Ameranth can argue that Mr. Easttom's report should be excluded by pointing to areas of his report where he was following guidance from the U.S. Supreme Court. To the extent Ameranth is arguing, without support, that Mr. Easttom failed to provide any motivations to combine in his report, this is equally flawed. Other than pointing to Mr. Easttom's quote from the U.S. Supreme Court's *KSR* decision, Ameranth fails to address or even mention that Mr. Easttom provides a motivation to combine for all of his obviousness arguments. For example, in the claim chart that forms part of his report, Mr. Easttom states that:

> The basis for my statement that it would have been obvious to one of ordinary skill in the art to combine Britt with Beavers to provide public display of scheduling functionality lies first in the utility of such a combination. As has already been discussed, dealer scheduling is inherent in Britt, or can be added to Britt via combination with

> Beavers. It would also be obvious to one of ordinary skill in the art that it would be beneficial to have a display of said schedule.

Ex. 1, Expert Report at p. 175.

Not only does Ameranth fail to rebut or even address the numerous instances where Mr. Easttom clearly provides a motivation to combine, Ameranth's disagreement with the sufficiency of those motivations to combine is not a valid basis to exclude an expert. *See Primiano v. Cook*, 598 F.3d at 564; *see also Micro Chemical*, 317 F.3d at 1392.

### 4. No Error in References Mr. Easttom Relied On

Ameranth asserts that Mr. Easttom relies on unreliable references in his obviousness analysis, including the Poker Room Screen, Carson Book, and the Commerce Dealer Management references. Mot. at 6. Ameranth relies on the Court's statement that the Carson Book was inadmissible as hearsay for the purposes of proving the truth of the matters disclosed in that book. [ECF Dkt. 215]. The Court's hearsay analysis with respect to a Motion for Summary Judgment under §101 is completely irrelevant to its status as a prior art reference. Surely, Ameranth is not arguing that the Carson Book does not qualify as a printed publication under 35 U.S.C. §103.

Similarly, Ameranth states it is improper for Mr. Easttom to rely on the dealer management program in use at Commerce Casino as prior art. Mot. at 6. Ameranth states that the screen shots are all dated 2013 and that there is no evidence that Commerce had a product with dealer rotation functionality prior to 2013. *Id.* This is not correct. First, Ameranth's own exhibit to its Motion includes screen shots of the Dealer Management System at Commerce having a date of May 1, 1996. *See* Mot. Ex. 2 at 17. Second, that same exhibit alsoincludes print offs from Commerce's

Dealer Management System from 2000, well before the earliest claimed priority date of the patents in suit. *Id.* at 28. Ameranth's arguments as to whether a reference qualifies as prior art goes to the weight of the evidence, not admissibility of Mr. Easttom.

### 5. *Mr. Easttom Did Not Ignore Secondary Factors*

Ameranth states that "[i]t is undisputed that Mr. Easttom failed to consider secondary considerations showing the nonobviousness of the claims." Mot. at 8. Defendants dispute this unsupported assertion. Ameranth incorrectly states that Mr. Easttom does not mention secondary factors in his report. *Id.* Although he doesn't use the term "secondary factors," Mr. Easttom lists "evidence of objective factors suggesting or negating obviousness" (¶37) and lists a plurality of these objective factors, including long-felt need, whether others have tried but failed, copying by others, unexpected results, and whether or not the claimed invention achieved commercial success. Ex. 1, Expert Report at ¶46. Thus, it is clear Mr. Easttom was well aware of the secondary factors. The fact that he referred to them as "objective factors" rather than "secondary factors" is not a basis to exclude his report. In addition, Mr. Easttom did address at least some of the secondary factors. For example, Mr. Easttom's report states:

> It would have been obvious to one of ordinary skill in the art at the time of the alleged invention to incorporate Cohan's application program for scheduling future dealer activities into Soltys' system of tracking and logging ongoing dealer activities. Cohan's system would provide schedules and rotations of future dealer activities that are subsequently tracked and logged in real time by Soltys' system as the schedules and rotations are carried out. In addition, prospective schedules and rotations generated as taught by Cohan may be validated against actual dealer attendance/rotation data logged by Soltys' system. Therefore, modifying Soltys' system of casino dealer tracking with the employee scheduling and rotation

> software of Cohan <u>would yield predictable results</u> and result in an improved system.

Expert Report at p. 385 (emphasis added).

Yielding predictable results is one of the secondary factors. *KSR*, 550 U.S. at 406. Thus, Ameranth's claim that he failed to address any secondary factors is incorrect. What Ameranth is essentially arguing is that they feel Mr. Easttom should have addressed the fact that Ameranth has licensed the patents in suit to a few casinos. Mot. at 8. This alone is not a basis to exclude Mr. Easttom's report. *TQP Dev., LLC v. Merrill Lynch & Co.*, 2012 U.S. Dist. LEXIS 112803, *12 (E.D. Tex. Aug. 10, 2012) ("Any failure to address or give weight to particular factors that may be regarded as bearing on obviousness go to the weight of the expert's testimony, not its admissibility."). Although the burden of proof as to obviousness is on Genesis, the burden of production with regard to secondary consideration evidence rests on Ameranth. *See Crocs, Int'l v. Int'l Trade Comm'n*, 598 F.3d 1294, 1310-11 (Fed. Cir. 2010). In light of Ameranth's burden to come forward with secondary consideration evidence, any alleged failure of Mr. Easttom to address secondary consideration evidence in the first instance provides no basis for excluding his testimony on obviousness. *See TQP*, at *13. Furthermore, Ameranth's touting of its license agreements is misplaced. As the Supreme Court has noted, the "purchase of peace" may be the motivation for a small business to take a license and therefore the license is of limited value as evidence of patent validity. *John E. Thropp's Sons Co. v. Seiberling*, 264 U.S. 20, 329-30 (1924).

**IV.   CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Ameranth's MIL#1(c).

**DEFENDANTS' OPPOSITION TO AMERANTH'S MIL #1(c)**                                                        9

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 16, 2015 | Winstead PC |
| 3 | | By: */s/ Jeffrey A. Tinker* |
| 4 | | Jeffrey A. Tinker |
| | | *Attorneys for Defendant & Counterclaimants* |
| 5 | | GENESIS GAMING SOLUTIONS, INC. & |
| 6 | | *Counterclaimant* |
| | | CALIFORNIA COMMERCE CLUB, INC. |
| 7 | | |
| 8 | Dated: January 16, 2015 | Burton IP Law Group |
| | | By:  /s/ Daphne L. Burton |
| 9 | | |
| 10 | | *Attorneys for Defendants & Counterclaimants* |
| | | IT CASINO SOLUTIONS, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Jeffrey A. Tinker*
Jeffrey A. Tinker
