DAVID B. ABEL (Bar No. 156744)
davidabel@abelpatentlaw.com
**LAW OFFICE OF DAVID B. ABEL**
111 N. Sepulveda, Suite 250
Manhattan Beach, CA  90266
Tel:  310.937.1590
Attorneys for Defendants
**Genesis Gaming Products, Inc.**,
**California Commerce Club, Inc.**

Daphne L. Burton
**Burton IP Law Group**
2029 Century Park East,
Suite 400N
Los Angeles, CA 90067
Tel: (310) 867-2754
Fax: (310) 943-1470

Attorneys for Defendant
**IT Casino Solutions, LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation, | Case Nos. SA 11-cv-0189 AG (RNBx)<br>SA 8:13-00720-AG-(RNBx) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8 TO PRECLUDE ITCS FROM INTRODUCING ANY EXPERT OPINIONS** |
| vs. | |
| GENESIS GAMING SOLUTIONS, INC., et al., | |
| Defendants. | Judge: Hon. Andrew J. Guilford<br>Pretrial Date: February 2, 2015<br>Time: 8:30 a.m.<br>Place: Courtroom 10D |
| AND RELATED COUNTERCLAIMS. | Trial: February 10, 2015 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE # 8**

1

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8

2

3       Defendants and Counterclaimants/Cross-claimant Genesis Gaming Solutions,

4 Inc. ("Genesis") and IT Casino Solutions, LLC ("ITCS") by and through their

5 respective counsel, hereby oppose Plaintiff's Motion in Limine #8 to preclude

6 Defendant IT Casino Solutions, LLC ("ITCS") from introducing expert opinion

7 testimony of its president, Julian Risnoveanu, as well as witnesses Ciprian Pavel,

8 David Lewis, Thomas Candy, Michelle Miller and Daniella Cicu, at the trial of this

9 action.

10      These witnesses are presented primarily as fact witnesses.  All but one have

11 been identified since the initial disclosures of August 2013 to testify on such issues as

12 prior art, ITCS's software and ITCS's counterclaims (including invalidity).  None of

13 the witnesses are being presented to testify on the ultimate issue of noninfringement or

14 invalidity.  These witnesses, being casino personnel, may have knowledge, skill,

15 expertise, training, or education to testify on various casino issues that would assist

16 the trier of fact.  Therefore, Defendants ask that these witnesses not be precluded from

17 offering expert testimony in any instance or instances where the court sees fit.

18      Defendants submit that Plaintiff's Motion *in Limine* should be denied as it falls

19 within improper reasons for motions in limine pursuant to *Mixed Chicks*[1] factors F and

20 G.

21      Therefore, Defendants submit that, at a minimum, the issues for which Plaintiff

22 seeks exclusion are better handled in the context of trial.

23

24

25

26

27   [1] *Mixed Chicks, LLC v. Sally Beauty Supply, LLC*, 879 F.Supp. 2d 1093 (C.D. Cal.
28   2012)

1

Dated: January 16, 2015          Law Office of David B. Abel

                                 By:   /s/ David B. Abel
                                       David B. Abel
                                 *Attorneys for Defendant& Counterclaimants*
                                 GENESIS GAMING SOLUTIONS, INC. &

                                 CALIFORNIA COMMERCE CLUB, INC.

Dated: January16, 2015           Burton IP Law Group
                                 By:   /s/ Daphne L. Burton

                                 *Attorneys for Defendants & Counterclaimants*
                                 IT CASINO SOLUTIONS, LLC

2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**

**MEMORANDUM**

## I.     INTRODUCTION.

Plaintiff Ameranth seeks to preclude Defendant IT Casino Solutions, LLC ("ITCS") from introducing expert opinion testimony of its president, Julian Risnoveanu, or other defense witnesses David Lewis, Daniela Cicu, Thomas Candy, Michelle Miller and Ciprian Pavel, at the trial of this action.  Plaintiff argues in its motion *in limine* that Mr. Risnoveanu and the other above-referenced proposed defense witnesses should have been disclosed as experts and that they should have submitted a mandatory expert report required under Fed.R.Civ.P. 26(a)(2).

Since the initial disclosures of August 26, 2013, each of these witnesses was disclosed with the exception of Ciprian Pavel.  The witnesses were disclosed to testify on issues such as the prior art, ITCS's casino software system and Defendant ITCS's counterclaims (which include invalidity).  Pavel is ITCS's programmer who has testified as to facts regarding the ITCS software programs. These witnesses are primarily presented as fact witnesses.  None of these witnesses are being presented to testify on the ultimate issue of noninfringement or invalidity.  These witnesses are specifically excluded by the Federal Rules from mandatory expert report requirements.

In addition, the casino witnesses are experienced casino professionals who have knowledge, skill, expertise, training, or education, to testify in the form of an opinion or otherwise based on scientific, technical, or other specialized knowledge if that testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. Pavel is an experienced programmer.

On or December 1, 2014, Ameranth submitted, via its expert, new infringement theories and other testimony.  Defendants respectfully ask this Court not to prematurely foreclose these defendants from such testimony, should the court see fit.

1

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**

This is particularly necessary if the court permits Dr. Shamos's new theories and testimony submitted after his expert report was due.

Defendants further submit that Plaintiff's motion *in limine* #8 is being brought under the following **improper** *Mixed Chick*s Factors:

(F) To control or cabin items that can't be controlled or cabined in the progress of a trial.

(G) To resolve issues prematurely before they are viewed in the context of trial. *See Mixed Chicks, LLC v. Sally Beauty Supply, LLC*, 879 F.Supp. 2d 1093 (C.D. Cal. 2012).

Regarding *Mixed Chicks* factor (F), Plaintiff seeks to control or cabin items that can't be controlled or cabined in the progress of a trial.  Here, Plaintiff seeks to control or cabin any expert testimony of these persons having significant knowledge of casino management, operations, software and the prior art.

Regarding *Mixed Chicks* factor (G), Plaintiff seeks to have the court decide prematurely that these witnesses cannot testify as experts of **any type**.  Plaintiff seeks to have this determination made before this issue is viewed in the context of trial, particularly where rebuttal testimony may be necessary to address new theories raised by Plaintiff's expert.

For these and other reasons, Plaintiff's motion in limine #8 should be denied.

## II.      STATEMENT OF FACTS.

In its initial disclosures on or about August 26, 2013, Defendant ITCS identified ITCS's president, Julian Risnoveanu, as having "knowledge of the installation and implementation of ITCS's computer software and hardware.  He also has knowledge of the similarities and differences between components that of ITCS's software and hardware when compared to elements of the following asserted US Patents: (a) 7,431,650; (b) 7,878,909; and (c) 8,393,969.  Mr. Risnoveanu further has knowledge of communications that occurred between Ameranth/Queue OS and ITCS.

2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**

Mr. Risnoveanu has information regarding ITCS's counterclaims and prior art for the asserted patents."

ITCS further identified in its August 2013 initial disclosures the following witnesses:  David Lewis, Daniela Cicu, Thomas Candy and Michelle Miller.  With the exception of Ciprian Pavel (ITCS's lead programmer), each of the remaining identified ITCS witnesses are experienced casino managers, and each works in a casino where the ITCS system is deployed.  Since this lawsuit was initiated, witness David Lewis has provided declaration testimony, including testimony regarding communications with Ameranth/QueueOS personnel while Mr. Lewis was at Hawaiian Gardens Casino.  Also since this lawsuit was initiated by Ameranth, Ciprian Pavel (ITCS's lead programmer) has provided declaration testimony regarding ITCS's software.[2]

On or about December 1, 2014, in Ameranth's oppositions to Defendant ITCS's motions for summary judgment on noninfringement and invalidity, Ameranth offered new expert theories for the first time, opining on, e.g., the operation and functionality of ITCS's software and other issues.  (*See* e.g., ECF Dkt. 246-3)  Objections were made to Shamos's new infringement theories and other testimony.  (*See* e.g., ECF Dkt. No. 267.)   Defendants also filed a motion *in limine* to exclude the new testimony/theories.  (*See* ECF Dkt. No. 315.)  The new testimony/theories may require a rebuttal. In its LR 16 disclosures on December 17, 2014, ITCS identified Julian Risnoveanu, David Lewis, Daniela Cicu, Thomas Candy, Michelle Miller, as it had with its initial disclosures of August 2013.  (*See* ECF Dkt. No. 281-1, LR 16 Statement.) In addition, ITCS identified Ciprian Pavel, ITCS's programmer.  (*Id.*)

---

[2] Mircea Draghici, who was also an ITCS programmer, was originally designated in the Initial Disclosures as being knowledgeable about ITCS's software.  However, he has left ISISM3 since this suit was filed.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**

These L.R. 16-2 disclosures were made less than 30 days after Shamos's new infringement theories and other testimony.

Neither Mr. Risnoveanu nor the remaining identified ITCS witnesses are witnesses who are retained or specially employed to provide expert testimony in the case or "whose duties as the party's employee regularly involve giving expert testimony" as set forth in Fed.R.Civ.P. 26(a)(2). (*See* Risnoveanu Decl. at ¶¶6-8.)

## II.   ADMISSIBILITY OF EVIDENCE.

Pursuant to the Federal Rules of Civil Procedure, only some expert witnesses must provide written reports.  Fed.R.Civ.P. Rule 26(a)(2) provides as follows: "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--**if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.**" (emphasis added)

Pursuant to Fed.R.Civ.P. 26(a)(1)(D), "if the evidence [presented by expert testimony] is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)," then the expert disclosure may be made within 30 days after the other party's disclosure.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 permits testimony by experts qualified by "knowledge, skill, expertise, training, or education," to testify "in the form of an opinion or otherwise" based on "scientific, technical, or other specialized knowledge" if that testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

When ruling on the admission of expert testimony, the district court has broad discretion in determining the witness' expert qualifications. *McKendall v. Crown Control Corp.,* 122 F. 3d 803, 806 (9th Cir. 1997).  The court must also decide whether

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**

the subject of the testimony properly concerns "scientific, technical, or other specialized knowledge" under Rule 702. *Id.* (citations omitted).

Casino personnel have been found to have at least specialized knowledge sufficient to qualify as experts. See e.g., *Murray v. Marina Dist. Dev. Co., LLC,* No. 06-583, 2006 WL 3791336, at *3 (E.D. Pa. Dec. 22, 2006 *aff'd sub nom. Murray v. Marina Dist. Dev. Co.,* 311 F. App'x 521 (3d Cir. 2008) ) (preliminarily and generally qualifying casino security director to testify at trial as an expert witness on the subject of what security measures would make the activities of patrons at casinos safe during their intended visit); see e.g., *BHC Dev., LC v. Bally Gaming, Inc.,* No. 12-2393-JPO, 2014 WL 524665, at *2 (D. Kan. Feb. 10, 2014) (denying motion to exclude plaintiff's casino software expert's testimony on operation of defendant's casino management software where expert's background included twenty-five years of work experience in the gaming industry and experience developing and operating casino management software).

## III.   ARGUMENT.

### A.   **Julian Risnoveanu (ITCS's President)**.

Mr. Risnoveanu is experienced in casino operations management. Mr. Risnoveanu has more than twenty-seven (27) years of experience in the casino industry.  (*See* Risnoveanu Decl. at ¶2.) Since 1987, Mr. Risnoveanu has held at least the following positions: (a) Dealer; (b) Floor Person; (c) Lead Person; (d) Floor Person in High Stakes games (Dragon Room floor person); (e) Dealer Coordinator; (f) Shift Manager; (g) Casino Manager; (h) MIS administrator; (i) MIS Director; and (j) Casino Operations Consultant.  Since 2002, Mr. Risnoveanu has designed the ITCS casino operations management system, and acted as a casino operations consultant. (*See* Risnoveanu Decl. at ¶2.)  Mr. Risnoveanu also has various computer certifications.  (*Id.* at ¶¶3, 4.)  More particularly, Mr. Risnoveanu is a Microsoft Certified System Engineer + Internet, and a Microsoft Certified Database System

5

Administrator and Designer. (*Id.*.)  He has also received certifications with the following exams: (a) Novell System Administrator Rev 1.0; (b) Implementing and Supporting NT 4.0 Workstation; (c) Implementing and Supporting NT Server 4.0; (d) Networking Essentials; (e) Implementing and Supporting NT Server 4.0 in the Enterprise; (f) Internetworking with Microsoft TCP/IP on Microsoft Windows NT 4.0; (g) Implementing and Supporting Microsoft Internet Information Server 4.0; (h) Implementing and Supporting Microsoft Proxy Server 2.0; (i) Implementing and Supporting Microsoft Internet Information Server 4.0; (j) Designing Security for Microsoft Windows 2000 Network; (k) Implementing and Administering a Microsoft Windows 2000 Directory Services Infrastructure; (l) Implementing and Administering a Microsoft Windows 2000 Network Infrastructure; (m) Installing, Configuring and Administering a Microsoft Windows 2000 Server; (n) Installing and Administering a Microsoft Windows 2000 Network Infrastructure; (o) Administering Microsoft SQL Server 7.0; (p) Designing and Implementing Database with Microsoft SQL Server 2000 Enterprise Edition. (*Id.*)

The subject matter of the claims of the patents at issue involve casino software that includes features directed to casino waitlisting, dealer coordination and player rewards. Mr. Risnoveanu's casino work experience in the various floor, dealer, management, and MIS capacities makes him particularly suitable to testify on casino operations, including software, hardware and the prior art.

Mr. Risnoveanu was identified as having knowledge of various issues in the initial disclosures of August 26, 2013.  For example, Mr. Risnoveanu was identified as knowledge of the prior art, ITCS's counterclaims (which include invalidity) as well as similarities and differences between components that of ITCS's software and hardware when compared to elements of the following asserted US Patents: (a) 7,431,650; (b) 7,878,909; and (c) 8,393,969.  Even if Mr. Risnoveanu were not deemed to be an expert on noninfringement or invalidity, he could testify as an expert

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**

in other areas, e.g., casino operations and pertinent software, including prior art systems related to casino operations as of 2002 or another later date deemed to be the date of invention.  (See e.g., *Morpho Detection, Inc. v. Smiths Detection, Inc.*, 957 F. Supp. 2d 655, 678 (E.D. Va. 2013), *appeal dismissed (May 19, 2014)* (concluding that witnesses were free to testify as experts in their respective areas of expertise even if they could not testify on infringement or obviousness).

      B.    **Casino Witnesses**.

      Each of the casino employee witnesses David Lewis, Thomas Candy, Michelle Miller and Daniela Cicu, was identified in ITCS's initial August 2013 disclosures as having knowledge of information relevant to the instant case.  These witnesses are not being offered to testify on the ultimate issues of noninfringement and invalidity, as Plaintiff surmises.

      These casino witnesses may generally be used as fact witnesses.  However, because these casino witnesses have worked in casino operations for a number of years, they may be able to offer some insight to the trier of fact to understand evidence or determine a fact at issue, as set forth in Fed. R. Evid. 702.  These witnesses may also be useful in rebutting new theories/testimony by Dr. Shamos that were raised in connection with the summary judgment motions on noninfringement and invalidity.

      Defendants respectfully request that the Court not prematurely foreclose these witnesses from testifying on subject matter on which the witnesses may be, and are, uniquely qualified to testify.  These casino witnesses may be qualified as experts "by knowledge, skill, experience, training, or education" in the casino industry that "will help the trier of fact to understand the evidence or to determine a fact in issue…"  Fed. R. Evid. 702.  The subject matter of the claims of the patents at issue include casino waitlisting, dealer coordination and player rewards.  For example, Ms. Cicu has knowledge of past and present dealer management systems over the course of the past approximately 20 years.  (*See* Risnoveanu Decl. at ¶10.)  Mr. Lewis has knowledge of

7

player rewards systems and has worked in the casino industry for quite some time. (*Id.* at ¶11.)  If called, Mr. Candy and Ms. Miller also have a fair amount of casino experience.  (*Id.* at ¶12, 13.)  If called, Mr. Pavel has been lead programmer for ITCS and can offer insight into the operation and functionality of ITCS's software.  (*Id.* at ¶14.)

Should these witnesses be able to offer testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue, "Defendants respectfully ask the court to permit such testimony, if it would be helpful to assist the trier of fact.

These witnesses were not required to provide a report as they are not retained or specially employed to provide expert testimony in the case. Nor do their "duties as the party's employee regularly involve giving expert testimony" as set forth in Fed.R.Civ.P. 26(a)(2).

### C.    ITCS's Programmer (Ciprian Pavel).

Mr. Pavel has submitted declarations in connection with Defendant ITCS's motions for summary judgment.  Mr. Pavel has acted as ITCS's lead programmer at ISISM3 since at least 2004. Mr. Pavel holds a bachelor's degree in computer science and has worked in computer programming for well over a decade.

If called, Mr. Pavel may generally be used as a fact witness.  However, the situation may arise where Mr. Pavel's testimony may assist the trier of fact. Mr. Pavel's unique knowledge of the programming aspects of ITCS's system as well as programming in general Mr. Pavel was not required to provide a report as they are not retained or specially employed to provide expert testimony in the case. Nor do his "duties as the party's employee regularly involve giving expert testimony" as set forth in Fed.R.Civ.P. 26(a)(2).  Although he is not an ITCS employee, Mr. Pavel has worked with the ITCS system since its inception.

8

**IV.    CONCLUSION.**

For the foregoing reasons, Defendants respectfully request that the Court enter an order denying Plaintiff's motion *in limine* #8 to preclude Defendant IT Casino Solutions, LLC ("ITCS") from introducing expert opinion testimony of its president, Julian Risnoveanu, or other defense witnesses David Lewis, Daniela Cicu and, if called, Thomas Candy, Michelle Miller and Ciprian Pavel at the trial of this action.


Dated: January 16, 2015              Law Office of David B. Abel

                                     By:   /s/ David B. Abel
                                           David B. Abel
                                     *Attorneys for Defendant& Counterclaimants*
                                     GENESIS GAMING SOLUTIONS, INC. &
                                     *Counterclaimant*
                                     CALIFORNIA COMMERCE CLUB, INC.

Dated: January 16, 2015              Burton IP Law Group

                                     By:   /s/ Daphne L. Burton

                                     *Attorneys for Defendants & Counterclaimants*
                                     IT CASINO SOLUTIONS, LLC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #8**