witkowlaw | a professional law corporation
Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
21031 Ventura Boulevard, Suite 603
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:   818.296.9510

OSBORNE LAW LLC
John W. Osborne (*Admitted Pro Hac Vice*)
josborne@osborneipl.com
33 Habitat Lane
Cortlandt Manor, New York 10567
Tel:   (914) 714-5936
Fax:   (914) 734-7333

*[Additional Counsel located at conclusion of document]*

Attorneys for *Plaintiff and Counter-Defendant*
AMERANTH, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC., a Delaware corporation, | ) Case No. SACV11-0189-AG (RNBx) ) [consolidated with 8:13-00720-AG-RNB] |
| Plaintiff, | ) |
| vs. | ) Honorable Andrew J. Guilford |
| GENESIS GAMING SOLUTIONS, INC., et al., | ) **REDACTED AMERANTH, INC.'S OPPOSITION TO AMENDED MOTION FOR ENTRY OF FINAL JUDGMENT** |
| Defendants. | ) |
| | ) **Hearing:** ) **Date:   April 27, 2015** ) **Time:  10:00 A.M.** ) **Ctrm: 10D** |
| AND RELATED COUNTERCLAIMS. | ) ) ) ) |

witkow law

# **TABLE OF CONTENTS**

I.     INTRODUCTION. ...................................................................................... 1

II.    LEGAL ARGUMENT. ............................................................................... 3

    A.    Legal Standard. .............................................................................. 3

    B.    Commerce Cannot Be Considered the Prevailing Party. ........................ 6

        1.    Ameranth Achieved the Overall Objective of This Litigation Through Defendants' Payment of Damages and License Fees. .................................................................................. 6

        2.    Commerce's Success on One Legal Issue Does Not Entitle it to a Prevailing Party Determination. ............................... 10

    C.    Even if The Result Were Considered a Mixed Judgment, This Court Should Exercise its Discretion to Not Deem Commerce the Prevailing Party. ............................................................................. 13

    D.    Commerce Is Also Contractually Prohibited From Recovery of Costs Or Fees. ............................................................................ 14

III.   CONCLUSION. ...................................................................................... 16

1

# <u>TABLE OF AUTHORITIES</u>

2

3 **Cases**

4 *Abraham v. Pekarski*
   728 F.2d 167, 175 (3d Cir. 1984) ............................................................... 5

5

6 *Amarel v. Connell*
   102 F.3d 1494, 1523 (9th Cir.1996) .......................................................... 13

7 *Bonnes v. Long*
   599 F.2d 1316, 1319 (4th Cir. 1979) ........................................................... 5

8 *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*
   393 F.3d 1378, 1381 (Fed.Cir. 2005) ................................................... 5, 10

9

10 *Devine v. Sutermeister*
    733 F.2d 892, 898 (Fed. Cir. 1984) ......................................................... 14

11 *Doe v. Busbee*
    684 F.2d 1375, 1379 (11th Cir. 1982) ........................................................ 5

12

13 *Family PAC v. Ferguson*
     745 F.3d 1261, 1268 (9th Cir. 2014) ......................................................... 4

14 *Farrar v. Hobby*
    506 U.S. 103, 111 (1992) ........................................................................... 4

15

16 *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*
     --- F.3d ---, 2015 WL 728031, at *13 (9th Cir. Feb. 20, 2015) ................. 5

17 *Hensley v. Eckerhart*
     461 U.S. 424, 433 (1983) ........................................................................... 4

18

19 *Herrington v. County of Sonoma*
     883 F.2d 739, 744 (9th 1989) ..................................................................... 4

20 *Hewitt v. Helms*
     482 U.S. 755, 760-61 (1987) .................................................................. 1, 5

21

22 *In re Omerprazole Patent Litigation*
     2004 U.S. Dist. LEXIS 15619 (S.D.N.Y. Aug. 9, 2004) ................... 13, 14

23 *Koster v. Perales*
     903 F.2d 131, 134-35 (2d Cir.1990) .......................................................... 5

24

25 *Lee v. Grandcor Med. Systems, Inc.*
    702 F. Supp. 252, 255 (D. Col. 1988) ...................................................... 15

26 *Lefemine v. Wideman*
     133 S. Ct. 9, 11 (2012) ............................................................................... 4

27

28 *Maher v. Gagne*
     448 U.S. 122, 129 (1980) ........................................................................... 5

ii

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*
  76 F.3d 1178, 1182 (Fed. Cir. 1996)................................................................passim

*Marina Tenants Assn. v. Deauville Marina Dev. Co.*
  181 Cal. App. 3d 122, 132 (1986).............................................................15, 16

*Postx Corp. v. Secure Data in Motion, Inc.*
  2006 WL 2067080, at *2 (N.D. Cal. July 24, 2006)..................................13

*Power Mosfet Technologies, LLC v. Siemens AG*
  378 F.3d 1396 (Fed. Cir. 2004)....................................................................12

*Pragmatus Telecom, LLC v. Newegg, Inc.*
  2014 U.S. Dist. Lexis 101402, *8 & 9 (D. Del. 2014)..........................6, 9

*Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Inc.*
  403 F. Supp. 2d 288, 291 (S.D.N.Y. 2005)................................................13

*Schultz v. United States*
  918 F.2d 164, 166 (Fed. Cir. 1990)............................................................14

*Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*
  260 F.3d 1054, 1060 (9th Cir. 2001)..........................................................14

*SSL Services, LLC v. Citrix Systems, Inc.*
  769 F.3d 1073, 1086 (Fed. Cir. 2014)........................................................11

*Testa v. Village of Mundelein*
  89 F.3d 443, 447 (7th Cir. 1996)................................................................14

*Texas State Teachers Assn. v. Garland ISD*
  489 U.S. 782, 792-93 (1989).........................................................................4

**Statutes**

Federal Rules of Civil Procedure 54........................................................1, 12

Federal Rules of Civil Procedure 54(d)..................................................4, 13

Federal Rules of Civil Procedure 54(d)(1).................................................3

**witkow**law

I.      **INTRODUCTION.**

Defendant California Commerce Club, Inc.'s ("Commerce") request that the Court find it the "prevailing party" in this litigation has absolutely no basis in either fact or law, and is simply yet another attempt by Commerce to protract and needlessly complicate this litigation, even after the parties have reached a settlement.

The facts are clear. ██████████████████████████

The law is also clear. In determining whether a party is the "prevailing party," and therefore entitled to costs under Fed. R. Civ. P. 54, the Court must examine whether a party achieved its "overall objective in the litigation." It does *not* focus on <u>individual</u> legal theories or claims or defenses on which a particular party has prevailed. This is true even when a plaintiff achieves its overall litigation objective through a settlement agreement rather than a formal judgment. As the Supreme Court has determined, "[a] lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment- *e.g.*, a monetary settlement or a change in conduct that redresses the plaintiffs' grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor." *Hewitt v. Helms,* 482 U.S. 755, 760-61 (1987).

That is precisely what transpired in this case. While Ameranth is not seeking prevailing party status, Ameranth nevertheless achieved its litigation objectives

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**

witkowlaw

1 ████████████████████████████████████

2 ██████████████████████████████████████████

3 ███████████████████████████████████████████

4 █████████████████████████████████████████

5 ███████████████████   Thus, it is entirely unclear how Commerce can assert that it is

6 somehow the prevailing party in this litigation.  Indeed, as explained below, a

7 defendant cannot be deemed the prevailing party in a patent infringement litigation

8 unless it can use the technology free from risk of infringement *without the necessity of*

9 *obtaining a license.  Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183

10 (Fed. Cir. 1996).   Clearly, that is not the case here.

11        Ignoring both the facts and the law, Commerce asks the Court to focus solely on

12 the Court's order granting Commerce summary judgment of non-infringement on the

13 player management claims in Ameranth's Third Amended Complaint ("TAC").

14 Putting aside the fact that success on this singular issue does not translate into

15 "prevailing" over the entire litigation, Commerce entirely disregards the critical fact

16 that before any final judgment was entered, Genesis, the supplier of the system

17 installed at Commerce, entered into a license agreement with Ameranth that covered

18 the sales of the infringing player management technology to Commerce.  Thus, all of

19 the player management software that Commerce purchases from Genesis to operate its

20 poker rooms *is now licensed*.   So while the Court may have entered summary

21 judgment on the player management claims in Commerce's favor, Ameranth

22 nonetheless achieved its litigation objective of obtaining a license agreement on *this*

23 technology.  Try as it may, Commerce cannot simply erase all that transpired both

24 before and after entry of that summary judgment order (including its own payments to

25 Ameranth for 2015), and those facts make clear that Commerce cannot be deemed the

26 prevailing party.

27 █████████████████████████████████████

28 ████████████████████████████████████

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**

1  ███████████████████████████████. As explained in detail below,

2  Commerce undeniably is a third party beneficiary of that agreement and stipulation,

3  which it acknowledges by relying on it for the instant motion, and as such, it must be

4  bound by its terms. ████████████████████████████████.

5      While Commerce apparently sees the light at the end of this litigation tunnel

6  and is hoping to squeeze some financial gain from Ameranth, its efforts are improper,

7  contrary to the facts and law, and should be rejected by this Court.  Compellingly, the

8  CEO of Genesis, Randy Knust, offers a declaration in support of Ameranth's position

9  and *against Commerce's claim* for prevailing party status![1]  Ameranth respectfully

10  requests that the Court deny Commerce's request to be deemed the prevailing party in

11  any judgment entered on the summary judgment ruling.

12  **II.   LEGAL ARGUMENT.**

13      **A.   Legal Standard.**

14      The "prevailing party" is allowed to recover costs – not including attorneys'

15  fees – under Federal Rule of Civil Procedure 54(d)(1).  The legal question of who is a

16  prevailing party is a question of Federal Circuit law. *Manildra Milling Corp. v.*

17  *Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Regional circuit law

18  determines the scope of the district court's discretion in deciding whether, and how, to

19  award costs.  *Id*. at 1183.

20      Under *Manildra Milling*, to be the "prevailing party" in a litigation requires: (1)

21  that the party received at least some relief on the merits, and (2) that relief must

22  materially alter the legal relationship between the parties by modifying one party's

23  behavior in a way that directly benefits the opposing party.  *Id.* (citing *Farrar v.*

---

[1] Commerce's motion is even more galling given the fact that it was indemnified for its legal costs by Genesis and thus has incurred no out of pocket costs.  (Declaration of Randy Knust ("Knust Decl."), ¶ 4, Exhs. 1 & 2).  Genesis, in turn, agreed that as part of the dismissal of this action both Ameranth and Genesis would bear their own legal costs.  [Docket #'s 392 & 401].

wikow law

*Hobby*, 506 U.S. 103, 111 (1992) ("the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."), *quoting Texas State Teachers Assn. v. Garland ISD*, 489 U.S. 782, 792-93 (1989); *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) ("A plaintiff 'prevails,' we have held, 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff'").  The Federal Circuit in *Manildra Milling* noted that "[i]n those cases in which one party wins completely on every claim at issue, determining which party has prevailed is a straightforward task. *The inquiry becomes more difficult when each party has some claims adjudicated in its favor*." *Manildra Milling*, 76 F.3d 1178, 1182 (emphasis added).

In determining whether a party prevailed within the meaning of FRCP 54(d), federal courts across the country focus on the ***overall relief*** actually obtained by a party from its complaint, not the success of individual legal theories.  *See Family PAC v. Ferguson,* 745 F.3d 1261, 1268 (9th Cir. 2014) ("[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on *any significant issue* in litigation which achieves some of the benefit the parties sought in bringing suit") (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)); *Herrington v. County of Sonoma*, 883 F.2d 739, 744 (9th 1989) ("the plaintiff need not prevail on all issues or even a 'central' issue in the litigation to be a prevailing party . . . The plaintiff also need not obtain formal relief to enjoy prevailing party status, so long as the plaintiff can show a sufficient causal relationship between the lawsuit and the practical outcome realized by the suit . . . At a minimum, the plaintiff simply 'must be able to point to a resolution of the dispute which changes the legal relationship between [the plaintiff] and the defendant') (citations omitted); *see also Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.,* 393 F.3d 1378, 1381 (Fed.Cir. 2005) ("[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the

number of claims and defenses"); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, --- F.3d ---, 2015 WL 728031, at *13 (9th Cir. Feb. 20, 2015) (same); *Bonnes v. Long*, 599 F.2d 1316, 1319 (4th Cir. 1979) (it is proper to look to the complaint to identify *the conditions the suit sought to change*, which establishes a benchmark to measure the relief ultimately obtained) (emphasis added); *Abraham v. Pekarski*, 728 F.2d 167, 175 (3d Cir. 1984) ("Although Abraham did not prevail on each of his legal theories, he obtained the relief he sought," and was thus entitled to attorney fees).

A plaintiff involved in litigation ultimately resolved by settlement may still be deemed the prevailing party. *See Maher v. Gagne,* 448 U.S. 122, 129 (1980) ("[t]he fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken [plaintiff's] claim to fees"); *see also Koster v. Perales,* 903 F.2d 131, 134-35 (2d Cir.1990) (holding plaintiffs eligible for fee award as "prevailing party" when parties entered settlement agreement which granted plaintiffs all the relief contemplated at the outset of the litigation).  As the Supreme Court has made clear: "[a] lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment- *e.g*., a monetary settlement or a change in conduct that redresses the plaintiffs' grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor."  *Hewitt,* 482 U.S. at 760-61; *see also Doe v. Busbee*, 684 F.2d 1375, 1379 (11th Cir. 1982) ("[A] party may be considered to be 'prevailing' if the litigation successfully terminates by a consent decree, an out-of-court settlement, a voluntary cessation of the unlawful practice by the defendant, or other mooting of the case when the plaintiff has vindicated his right").

Here, as explained in detail below, while Ameranth is not seeking to be declared the prevailing party, Commerce certainly cannot be deemed a "prevailing party" under this standard given that Ameranth *has* achieved the results it sought to obtain through this lawsuit: ██████████████████████████████

████████████████████████████████████████

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**

██████████████████████████.  While Commerce would like to focus only on some rulings by this Court favorable to it, it cannot ignore the fact that Ameranth has achieved the overall relief it sought, and that limited success (on a technology that ultimately became the subject of a license agreement) is insufficient to convert Commerce into the "prevailing party."

**B.    Commerce Cannot Be Considered the Prevailing Party.**

**1.    <u>Ameranth Achieved the Overall Objective of This Litigation Through Defendants' Payment of Damages and License Fees.</u>**

Ameranth's Complaints against Genesis, ITCS and their casino customers (including Commerce) sought an injunction, damages and/or license arrangements as to each of its three patents- the '650, '909 and '969 patents.   These patents embodied two types of functionalities commonly referred to as "dealer management" and "player management" claims.   As a result of the lawsuit, Ameranth succeeded in obtaining damages or license agreements, or both, from these defendants covering both categories of claims.  Therefore, Ameranth succeeded in obtaining its litigation objective in the enforcement of its patents.  *See Pragmatus Telecom, LLC v. Newegg, Inc.*, 2014 U.S. Dist. Lexis 101402, *8 & 9 (D. Del. 2014) ("Pragmatus [the patent holder] filed suit because it believed that its patent was infringed and, as a result, in part because of the suit, Pragmatus was able to negotiate a license covering potential infringement of its asserted patent.")

████████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████ (*See* Decl. of Keith McNally ("McNally Decl."), ¶ 3; and Exh. 15 to Docket # 143).  ████████████████ ████████████████████████████████████████████ ██████████████ [*See* Docket #'s 83, 84].   Commerce continues to pay Ameranth license fees pursuant to that license agreement, and, in fact, paid such fees for 2015 for all three patents after this Court issued the summary judgments rulings!  (*Id.*)

6

With respect to the "player management" claims of the '650 and '969 patents, Commerce contends it is the prevailing party as to the litigation because it obtained an order of non-infringement of the player management claims of the '650 and '969 patents as alleged in the TAC of the -189 action, and the Complaint in the -720 action, respectively. (Motion, at 2). Commerce's position, however, is based on a narrow and fundamentally inaccurate understanding of the prevailing party law. Contrary to its position that this Court should consider who prevailed on individual claims or theories in isolation, as discussed above, Federal and Ninth Circuit law require this Court to consider the litigation *as a whole*, in light of the *overall relief* actually obtained by a party from its complaint (*i.e.* its litigation objective). In other words, whether the relief obtained by the party seeking prevailing party status "materially alter[ed] the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *See Manildra Milling*, 76 F.3d at 1182. Under this standard, Commerce cannot be the prevailing party for two separate and distinct reasons.

<u>First</u>, ███████████████████████████████████████ ███████████████████████████████████ (*See* McNally Decl., ¶ 4; and Exhibit 1 to Docket # 405-1 [Commerce Confirmation of Payment of Annual License Fees for '650, '909 and '969 patents, January 5, 2015 (expressly stating that payment was for "███████████████████████████████ ████████████████████████") (emphasis added)]. Accordingly, Commerce cannot claim that "its victory on the patent issues was complete….and without the necessity of obtaining a license." *See Manildra Milling*, 73 F.3d at 1183.

<u>Second</u>, ████████████████████████████████████ ████████████████████████████████████ ███████████████████████████████ ██████████████████████████. ████████████████████████████ ████████████████████████████████

OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE

1 ████████████████████████████████████████████████████████

2 ██████████████████████ (Declaration of Randy Knust ("Knust

3 Decl."), Exh. 4 at § 2.1.1 & 2.1.2). ████████████████████████

4 ████████████████████████████████████████████████.

5 (Knust Decl., ¶ 7). ██████████████████████████████████

6 ████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████. (*Id.*, ¶ 6).  Moreover, Mr. Knust

9 makes clear that Genesis held the power to negotiate on behalf of Commerce and bind

10 Commerce to the Ameranth/Genesis settlement as a result of Genesis' indemnity

11 agreement (discussed below) with Commerce.  (*Id.*, ¶ 4).

12       Genesis and Commerce executed a "Bravo Poker and Pit Purchase Agreement,"

13 dated January 19, 2009, whereby Commerce purchased and installed the BRAVO

14 System and "obtain[ed] a license for the Software."  (*Id.*, Exh. 1).  Paragraph 13 of

15 this agreement contains a standard indemnity clause wherein Genesis agreed to

16 indemnify and defend Commerce from any claims for patent infringement relating to

17 the BRAVO system.  (*Id.*, ¶ 13).   In turn, Commerce expressly granted Genesis the

18 authority to "assume the defense of any such suits through its own counsel and <u>to</u>

19 <u>compromise or settle any such suits</u>."  (*Id.*) (emphasis added).

20       On July 1, 2013, Genesis and Commerce entered into an "Indemnity Agreement

21 Supplement" reiterating Genesis' indemnity obligation specifically with respect to the

22 Ameranth lawsuits.  (Knust Decl., Exh. 2).  Genesis agreed to establish a litigation

23 reserve ("ILR") in the amount of $400,000 "representing funds paid by [Commerce]

24 to Genesis pursuant to the Purchase Agreement, and that such funds are to be held to

25 secure the indemnity obligations therein."  (*Id.*, ¶¶ 4 & 7, Exh. 2, at ¶ 4.2).

26 Importantly, this indemnity provision expressly specifies that the "ILR shall be

27 established such that *it will only be disbursed to pay and award or settlement of the*

28 *Ameranth actions and claims as against Commerce Casino…*"  (*Id.*)  Mr. Knust

1   testifies that, consistent with his position that the Ameranth/Genesis settlement was

2   intended to fully resolve all claims as to Commerce and provide Commerce the

3   benefit of the license, *a portion of the payment made by Genesis to Ameranth was*

4   *taken from the ILR*.[2]  (*Id.*, ¶ 7).   Based on the terms of the indemnity arrangement

5   with Commerce, Genesis exercised the power to "compromise and settle" the

6   Ameranth litigation on behalf of Commerce and, according to Mr. Knust, that's what

7   it did.  (Knust Decl., ¶ 6).  Such was communicated to Ameranth during the

8   negotiations and relied upon Ameranth in agreeing to settle the litigation on these

9   terms.  (McNally Decl., ¶ 7).  Ameranth then dismissed its remaining claims –

10  including its right to appeal the adverse non-infringement summary judgment order on

11  the '650 and '969 patents issued in favor of Commerce.

12  ██████████████████████████████████████████

13  ████████████████████████████████████████

14  ███████████████████████████████████████

15  ████████████████████████.  *See Pragmatus Telecom, LLC v. Newegg, Inc.*,

16  2014 U.S. Dist. Lexis 101402, *8 & 9 (D. Del. 2014) (denying defendant downstream

17  customer's motion for prevailing party, holding "[Ameranth] licensed the suppliers of

18  the technology, which led to downstream licensures for the users, i.e., [Commerce].

19  Dismissal for a license obtained by a third party that protected [Commerce] does not

20  settle a dispute in favor of [Commerce]. It is hard to see how it is any different in

21  terms of prevailing party analysis than if [Commerce] had paid for the license itself.").

22

23

24

25  [2] Commerce wrongly implies that the only benefit Ameranth received through the Settlement
26  Agreement was a "forward looking license."  (Motion, at 6:23-26).   Ameranth received a substantial
    monetary payment from Genesis as well.  (Knust Decl., Exh. 4, § 4.1).  As Mr. Knust testifies, a
27  portion of this payment came from the ILR as it was intended to settle the Ameranth action against
    Commerce.  (Knust Decl., ¶ 7).

28

**witkow**law

2.      **Commerce's Success on One Legal Issue Does Not Entitle it to a Prevailing Party Determination.**

Ignoring the foregoing undisputed facts and unambiguous legal authorities, Commerce asks the Court to disregard Ameranth's achievement of its litigation objective (i.e., payment of damages and license fees), and instead focus solely on the limited player management claim contained in the TAC.[3]   Commerce reasons that because it was granted summary judgment of non-infringement on the player management claims in the TAC, that alone warrants a prevailing party finding as to the entirety of the case.  Such a position is flat wrong and flies in the face of the extensive federal case law instructing courts to consider the overall benefit achieved by the party in bringing the lawsuit.  *See e.g., Brooks Furniture,* 393 F.3d at 1381 ("[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses.") & cases cited *infra*.

Contrary to Commerce's claim that it achieved a complete victory on summary judgment as to the '650 and '969 patents, this Court's summary judgment order was limited to only the player management claims of those patents (as it had already licensed the dealer related claims), and not the dealer related claims. [*Compare* Tentative Order issued on 8/4/14 which stated "Summary judgment is GRANTED that Commerce does not infringe the '650 Patent" to Docket # 197 (Final Order) which states that "Summary judgment is GRANTED that Commerce does not infringe the *asserted claims* of the '650 patent" (emphasis added)].  While Commerce

---

[3] Commerce makes much of the fact that the Third Amended Complaint can be looked at alone, because it served to "supersede" the previous complaints.  (Motion, at 3).  While Ameranth does not dispute that general proposition in the context of claims which would have been asserted at trial in the absence of settlement (and the generic, non-prevailing party cases Commerce cites in support), the analysis here – in the prevailing party context – is, as discussed above, consideration of the *overall relief* actually obtained by Ameranth from its complaint, not the success of individual legal theories or claims.

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**

did obtain partial summary judgment on the player management claims asserted against Commerce, this limited Pyrrhic victory alone is insufficient to result in a prevailing party determination on the case as a whole, especially in light of Ameranth's overall success in obtaining the relief it sought as against every single Defendant using the Genesis Bravo System and ITCS COMS System.

*SSL Services, LLC v. Citrix Systems, Inc.* is instructive.  769 F.3d 1073, 1086 (Fed. Cir. 2014).  There, "both parties achieved some success and sustained some failure."  Specifically, the Federal Circuit observed that, on the one hand, the district court found that SSL proved willful infringement of the three asserted claims of the ′011 Patent by Citrix and received damages, but, on the other hand, while Citrix obtained a finding of non-infringement as to claim 27 of the ′796 Patent, it did not prove the asserted claims of the ′011 Patent were invalid.   The Federal Circuit reversed the district court and found that SSL was the prevailing party even though it "did not succeed on all of its infringement claims" because the ultimate relief obtained by SSL materially altered the legal relationship of the parties to the benefit of SSL. *Id.*

Here, the change in the legal relationship between Ameranth and Commerce as a result of the litigations is 100 percent in favor of Ameranth.  Specifically, Commerce: (1) ███████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████.  As a result of its compliance with these obligations, Commerce can continue operating its poker room business without fear of future liability and without the specter of potential liability for past conduct. Conversely, Ameranth has <u>no</u> obligation to pay Commerce anything.[4]

---

[4] Commerce's reliance on *Power Mosfet Technologies, LLC v. Siemens AG* is unavailing in the

Commerce has also not succeeded with its declaratory relief counterclaims. As the Federal Circuit has held, "[a] judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties." *Manildra Milling*, 73 F.3d at 1183. Here, Commerce is *not* free from Ameranth's right to exclude. Commerce paid for the use of claims from each of the asserted patents rather than trying to fight their validity. Defendants, including Commerce, lost numerous motions for summary judgment of invalidity. Then, rather than taking their declaratory counterclaims to trial, Genesis, like Commerce before it, took a license, eliminating any controversy. There will be no final judgment of invalidity of any claim of any Ameranth patent as a result of this litigation. Commerce cannot and should not be deemed the prevailing party and its motion for entry of judgment containing such a term should be denied.

context at issue here. In *Power Mosfet Technologies, LLC v. Siemens AG*, 378 F.3d 1396 (Fed. Cir. 2004), the plaintiff moved the district court for dismissal of certain defendants from the lawsuit, "explaining that subsequent discovery had revealed that [the defendants] had 'not actually made any commercial sales of any accused products.'" *Power Mosfet*, 378 F.3d 1396 at 1403. Accompanying the motion was a "Certificate of Conference," which explained that, "while [the defendants] do not consent to the order or join in the Motion, the [defendants] will not file any opposition, and further agree that the Court may act on this motion without delay." *Id*. The district court granted the motion and dismissed the defendants from the lawsuit. The district court later determined that the dismissed defendants were not prevailing parties. The Federal Circuit determined that the dismissed defendants were prevailing parties, but explained that "[e]ven concluding that [the defendants] is a prevailing party, the district court still retains discretion over the award of costs under Rule 54." *Id*. at 1416. The Federal Circuit noted that "the district court explained that '[b]y certifying that they would not file any opposition, the [defendants] showed the Court that while the motion was not agreed, there was an agreement between the parties concerning dismissal,' and that the agreement was the reason that it was denying costs." The Federal Circuit held that "we cannot conclude that the district court abused its discretion in viewing the situation as an agreement between the parties regarding dismissal, and therefore denying costs." *Id*. at 1417. The facts and issues in *Power Mosfet* are clearly different from those involved here. Contrary to Ameranth in this case, the plaintiff in *Power Mosfet* did not achieve its litigation goals as to the dismissed defendants, and there is no record of the dismissed defendants having made any payments to the plaintiff or having taken a license to any of the claims of the plaintiff's patents.

**C.     Even if The Result Were Considered a Mixed Judgment, This Court Should Exercise its Discretion to Not Deem Commerce the Prevailing Party.**

At absolute best, Commerce can only argue that a "mixed judgment" has occurred, i.e., limited success achieved by both parties.  "In the event of a mixed judgment [ ] it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell,* 102 F.3d 1494, 1523 (9th Cir.1996); *see also Postx Corp. v. Secure Data in Motion, Inc.*, 2006 WL 2067080, at *2 (N.D. Cal. July 24, 2006) (finding "mixed judgment" in patent infringement action and ordering each party to bear its own costs).

*In re Omerprazole Patent Litigation*, 2004 U.S. Dist. LEXIS 15619 (S.D.N.Y. Aug. 9, 2004), the plaintiff obtained a judgment of patent infringement and an injunction against the defendants. The defendants, by contrast, succeeded in invalidating some of the plaintiff's patents. Relying on the Federal Circuit's prevailing party standard set forth in *Manildra Milling, supra,* the defendants argued that this success entitled them – as a matter of law – to "prevailing party status."  The district court rejected this argument, finding that *Malindra Milling* does ***not*** stand for the proposition that a party who succeeds in invalidating a patent "*automatically must* be considered the prevailing party under Rule 54(d) . . . regardless of all other factors in the case." *Id*. at *5 (emphasis in original).  Rather, the court explained that because each party had prevailed to some extent, it must look at the litigation as a whole, weighing each party's relative success in order to determine the prevailing party.  *Id*. at *3-*5.  Ultimately, the district court in *Omerprazole* found that the plaintiff was the prevailing party because it had obtained the "most significant remedy" and had prevailed on "the central issue."  *Id*. at *3, *4; *see also Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Inc.*, 403 F. Supp. 2d 288, 291 (S.D.N.Y. 2005) (examining the substance of the litigation to determine the prevailing party in a mixed judgment case).

13

These decisions are consistent with the Federal Circuit's admonition that in determining the prevailing party "substance should prevail over form." *Schultz v. United States*, 918 F.2d 164, 166 (Fed. Cir. 1990) (quoting *Devine v. Sutermeister*, 733 F.2d 892, 898 (Fed. Cir. 1984)). They are also consistent with the approach to mixed judgment cases in other circuits. *See Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1060 (9th Cir. 2001) (prevailing party inquiry should include the number of claims at issue, the result obtained in relation to the relief sought, and the extent to which either party prevailed on each issue); *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (the prevailing party is the one who prevailed on the "substantial part of the litigation")

Here, Ameranth respectfully submits that the license arrangements obtained from Genesis and Commerce are indisputably more valuable and more central to the resolution of the case than the claim on which Commerce partially prevailed.   The license agreements involved much more substantial legal and economic consequences, now and into the future, than did the summary judgment disposition.   Commerce and Genesis are the paying parties, *not Ameranth.  See Manildra Milling*, 73 F.3d at 1183 (a defendant is a prevailing party only where it "now may use its production process free from risk of infringement and without the necessity of obtaining a license" and where "its victory on the patent issues was complete").   The monetary payments were the "most significant remed[ies]" sought in the case which results in a very substantial economic benefit to Ameranth.  *See In re Omerprazole Patent Litigation*, 2004 U.S. Dist. LEXIS 15619, at *3.   In contrast, as shown above, Commerce's limited success did not result in any meaningful change in its legal rights, any alteration of Ameranth's behavior, or any competitive benefit to Commerce.

### D.      Commerce Is Also Contractually Prohibited From Recovery of Costs Or Fees.

Not only can Commerce not be considered the "prevailing party", but it is also contractually prohibited from seeking recovery of any costs or fees as a third party

beneficiary to the Ameranth/Genesis Settlement & License Agreement ("Settlement and License Agreement").

It is well-settled that a third party beneficiary to a contract is bound by the contract's burdens.  *See, e.g., Marina Tenants Assn. v. Deauville Marina Dev. Co.*, 181 Cal. App. 3d 122, 132 (1986) ("[w]hen [a] plaintiff seeks to secure benefits under a contract as to which he is a third-party beneficiary, he must take that contract as he finds it.... [T]he third party cannot select the parts favorable to him and reject those unfavorable to him"); *Lee v. Grandcor Med. Systems, Inc.*, 702 F. Supp. 252, 255 (D. Col. 1988) ("A third party beneficiary must accept a contract's burdens along with its benefits. Moreover, a party may be bound by an arbitration agreement to which it has not expressly agreed.").

████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████ (Knust Decl., Exh. 4, § 2.1).  *See Marina Tenants* Assn, 181 Cal. App. 3d at 128 (in order to be a third party beneficiary "it is not necessary that the contract identify or refer to the third party by name; it is sufficient if it can be shown that the claimant is of a class of persons for whose benefit it was made"). Thus, Commerce (as it tacitly admits) is a beneficiary of the settlement.

████████████████████████████████████
██████████████████████████████████████
████████████████████████████ (Knust Decl., Exh. 4, § 2.3).  Ameranth and Genesis thereafter filed such stipulation, and the Court entered the dismissal. [Docket #401, ¶¶ 6 & 7].  Paragraph 6 of the Stipulation – and Order – provided:

> (6) Ameranth and Genesis shall bear their own attorneys' fees and costs; and (7) For purpose of this voluntary dismissal, **no party is considered the "prevailing party."**  *Id.*

Commerce, as a third party beneficiary to the Agreement, is bound by the terms of the

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**

Agreement, and Stipulation filed thereunder, which expressly waived any assertion of prevailing party status and any claim for costs or fees.  Commerce's demand for such status should be denied on this basis alone.

Indeed, Commerce seeks to use the very terms of the Stipulation and Order to its benefit by repeatedly arguing that Ameranth has waived its right to appeal the summary judgment orders.  [Motion, at 4:25-5:2; 5:24-28; Docket #'s 392 & 401, ¶ 5].  Commerce cannot have it both ways.   If it wants to use the appellate waiver contained in the Stipulation and Order as a sword, it cannot shield itself from the prevailing party waiver in the very same document.  *See Marina Tenants* Assn, 181 Cal. App. 3d at 128 (third party beneficiary must accept a contract's burdens along with its benefits).  In fact, there would be no basis for removal of appellate jurisdiction (as expressly asserted by Commerce) in the absence of the Settlement and License Agreement, which made Commerce and all other Genesis customers beneficiaries of that Agreement.

### III.    <u>CONCLUSION.</u>

Commerce's filing is emblematic of the uncooperative litigation tactics that have plagued this case, and that prompted the Court, at the Final Pretrial Conference, to admonish the parties that their pretrial filings must be redone.  Despite the fact that it cannot – under any circumstances – be considered the "prevailing party" in this litigation, Commerce nonetheless is intent on protracting this litigation unnecessarily – even after settlement.  Given that there is no factual or legal basis on which Commerce can be deemed the "prevailing party" in this action, Ameranth respectfully requests that the Court deny Commerce's request, dismiss the case, and put an end to this litigation once and for all.

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**

Dated:  April 6, 2015

witkowlaw, a professional law corporation

By:   /s/ Brandon J. Witkow
             Brandon J. Witkow

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

MUNGER TOLLES & OLSON LLP
Ted G. Dane
Peter E. Gratzinger

*Attorneys for Plaintiff & Counter-Defendant*
AMERANTH, INC.

[*Additional Counsel Continued*]

WATTS LAW OFFICES
Ethan M. Watts (SBN: 234441)
emw@ewattslaw.com
12340 El Camino Real, Suite 430
San Diego, California 92130
Tel:    (858) 509-0808
Fax:   (619) 878-5784

FABIANO LAW FIRM, P.C.
Michael D. Fabiano (SBN 167058)
mdfabiano@fabianolawfirm.com
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 742-9631

MUNGER TOLLES & OLSON LLP
Ted G. Dane (SBN #143195)
ted.dane@mto.com
Peter E. Gratzinger (SBN #228764)
peter.gratzinger@mto.com
355 S. Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9513

**OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT AS TO COMMERCE**